UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| CARLTON B. PARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:  1:24-CV-5-TAV-MJD |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on a *sua sponte* review of the record.  As background, on January 8, 2024, plaintiff filed a pro se complaint against numerous defendants, alleging violations of his constitutional rights [Doc. 1].  On February 8, 2024, before any defendant filed an answer or motion to dismiss, plaintiff filed an amended complaint [Doc. 15].

Since the filing of the amended complaint, a whirlwind of motions to dismiss and responsive briefs have been filed.  Moreover, plaintiff has filed several documents labeled as "notices" [Docs. 108, 109, 112, 113, 116, 117].  Specifically, these documents have the following captions:

- "Plaintiff brings this Complaint of Negligence and its subcomponents for damages against the United States for the acts and omissions of its employees pursuant to the Federal Tort Claims Act (FTCA) 28 U.S.C. §2671et seq. [sic] and §2679(b)(1) that removes or waives sovereign immunity" [Doc. 108 (emphasis omitted)];

- "Plaintiff files this Claim of Negligence; Gross Negligence; Negligent Misrepresentation; and Negligence per se for damages against Tennessee Valley Authority for acts and omissions of its employees pursuant to the

Federal Tort Claims Act 28 U.S.C. §2671et seq. [sic] and §2679(b)(1)"
[Doc. 109 (emphasis omitted)];

- "Plaintiff's Notice to Defendants Hamilton County; Larry Henry; and Erin H. Eversole of his Letter to Hamilton County District Attorney Coty Wamp Requesting that She Invoke Her Inherent Authority and Initiate an Investigation by the Tennessee Bureau of Investigation of Defendants' Unlawfully Removing Evidentiary Documents from Court Case Files and From Being Submitted to the Court of Appeals" [Doc. 112];

- "Plaintiff's Notice to Defendants' [sic] Hamilton County; Larry L. Henry; Erin H. Eversole; The State of Tennessee; and the United States of America of His Letter to the Department of Justice Civil Rights and Criminal Investigation Divisions Requesting Federal Intervention" [Doc. 113];

- "Plaintiff's Notice to the U.S. District Court of Defendants' [sic] United States and Christopher Steger's Continued Threats of Civil Rights Intimidation; Malicious Harassment and a Conspiracy Against Rights Pursuant to 18 U.S.C. §241; 18 U.S.C. §242; 18 U.S.C. §1985(2)(3); and T.C.A. 4-21-701" [Doc. 116]; and

- "Plaintiff's Notice to the U.S. District Court and to the Federal Tort Liability Act Claims Division of the Defendants' [sic] United States and Magistrate Christopher Steger's Continued Threats of Civil Rights Intimidation; Malicious Harassment and a Conspiracy Against Rights 18 U.S.C. §241; 18 U.S.C. §242; 18 U.S.C. §1983; 18 U.S.C. §1985(2)(3); and T.C.A. 4-21-701" [Doc. 117].

The Court has reviewed the contents of each of these notices, and it appears that, in each, plaintiff seeks either to reiterate the allegations in his amended complaint or add additional allegations. But Rule 15(a)(1) permits a party to "amend its pleading *once* as a matter of course" within certain time constraints. Fed. R. Civ. P. 15(a)(1) (emphasis added). Plaintiff has already utilized his once amendment as a matter of course [*See* Doc. 15]. Accordingly, under Rule 15(a)(2), plaintiff "may amend [his] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

2

Moreover, under this Court's local rules, "[a] party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the motion. Any amendment to a pleading . . . shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference." E.D. Tenn. L.R.15.1. Thus, to the extent that plaintiff would seek to amend his complaint to encompass the information contained in these notices, plaintiff would be required to file an all-inclusive second amended complaint, rather than piecemeal supplements to the amended complaint.

Because plaintiff's notices [Docs. 108, 109, 112, 113, 116, 117] appear to be improper attempts to supplement the complaint without leave of Court, those filings [Docs. 108, 109, 112, 113, 116, 117] are hereby **STRICKEN** from the record. The Clerk of Court is **DIRECTED** to remove these notices [Docs. 108, 109, 112, 113, 116, 117] from the record of this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3