UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| CARLTON B. PARKS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 1:24-CV-5-TAV-MJD |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on defendants Duncan, Hatcher, Hixson, and Fleenor, P.C., B. Paul Hatcher, Everett L. Hixson Jr., Everett L. Hixson III, Phillip E. Fleenor, and Adam U. Holland's ("DHHF Defendants") Motion to Strike [Doc. 87], Defendant Murray Guard, Inc.'s ("Murray Guard") Motion to Strike [Doc. 103], and Defendants United States of America, Judge Travis R. McDonough, Judge Christopher H. Steger, and Equal Employment Opportunity Commission – Office of Field Operations Administrative Judge Deanna P Windham's ("Federal Defendants") Motion to Strike [Doc. 110]. In each of these motions, the defendants ask the Court to strike supplemental reply briefs filed by plaintiff with regard to pending motions to dismiss. For the reasons set forth below, defendants' motions [Docs. 87, 103, 110] are **GRANTED** and plaintiff's improperly filed supplemental briefs [Docs. 79, 101, 107] are hereby **STRICKEN**.

### A. Background

On March 1, 2024, the DHHF defendants filed a motion to dismiss the claims against them in plaintiff's amended complaint [Doc. 40]. Plaintiff timely responded [Doc.

63], and the DHHF defendants timely replied [Doc. 71]. Approximately 15 days after the DHHF defendants' reply brief was filed, plaintiff filed a 32-page document (consisting of an 11-page brief and attachments) and titled "Plaintiff's Reply to the Defendants Adam Holland and the Duncan, Hatcher, Hixson, and Fleenor's Response to their Motion to Dismiss" [Doc. 79], purportedly filed pursuant to Local Rule 7.1(c). In this brief, plaintiff provides some response to the arguments made in the DHHF defendants' reply brief, but largely reiterates arguments previously raised in his response and/or his amended complaint [*Id.*].

Similarly, on March 26, 2024, Murray Guard filed a motion to dismiss the claims against it in plaintiff's amended complaint [Doc. 74]. Plaintiff timely responded [Doc. 93], and Murray Guard timely replied [Doc. 94]. Approximately 13 days after Murray Guard's reply brief was filed, plaintiff filed an 11-page brief titled "Plaintiff's Response to the Defendant Murray Guard, Inc.'s Reply to His Response to Their Motion to Dismiss the Amended Complaint" [Doc. 101]. In this brief, plaintiff provides some response to the arguments made in Murray Guard's reply brief, but largely reiterates arguments previously raised in his response and/or his amended complaint [*Id.*].

Finally, on April 12, 2024, the Federal Defendants filed a motion to dismiss the claims against them in plaintiff's amended complaint [Doc. 90]. Plaintiff responded [Doc. 102], albeit untimely,[1] and the Federal Defendants timely replied [Doc. 106].

---

[1] Notably, plaintiff's response to this motion was filed 31 days after the motion was filed, and therefore, is not timely under the Court's Local Rules. *See* E.D. Tenn. L.R. 7.1(a) (providing for 21 days to respond to a dispositive motion).

2

Approximately 10 days after the Federal Defendants' reply brief was filed, plaintiff filed a 27-page document (consisting of a 10-page brief and attachments) titled "Plaintiff's Reply to Defendants' United States of America, Travis R. McDonough, Christopher H. Steger, Deanna P. Windham, and Jeffrey S. Sutton's Response to its Motion to Dismiss the Amended Complaint" [Doc. 107]. In this brief, plaintiff largely reiterates arguments previously raised in his response and/or his amended complaint [*Id.*].

**B.     Motions to Strike**

The DHHF defendants, Murray Guard, and the Federal Defendants all separately move to strike plaintiff's supplemental filings as to their respective motions to dismiss [Docs. 87, 103, 110]. These defendants contend that this Court's Local Rules only permit an opening brief, a responsive brief, and a reply brief [Doc. 88, p. 2; Doc. 103, p. 1; Doc. 110, p. 2]. And, plaintiff's filing does not comply with Local Rule 7.1(d), regarding supplemental briefs, as it was filed without prior approval of the Court, does not call to the Court's attention developments occurring after the defendants' reply briefs, and/or exceeds the page limitations set forth in that rule [Doc. 88, p. 2; Doc. 103, p. 2; Doc. 110, p. 2].

Plaintiff responds in opposition to each motion to strike [Docs. 97, 105, 111]. Plaintiff contends that his filing was appropriate because he responded to the new points and authorities the defendants raised in their reply briefs [Doc. 97, p. 1; Doc. 105, p. 1; Doc. 111, p. 3]. Plaintiff appears to assert that his filing was not a supplemental brief under Local Rule 7.1(d), but rather, was permissibly filed under Local Rule 7.1(c) and (e) [Doc. 97, pp. 1–2; Doc. 105, pp. 1–2; Doc. 111, pp. 1–3]. Plaintiff further alleges that he "spoke

3

with the Sixth Circuit Court of Appeals Administrative Clerk some time ago" and was informed that, "at the Sixth Circuit, a case is considered completely briefed when Appellant files an opening, initial, or Principal Brief; Appellee responds; Appellant reply's [sic]; and then the Appellee responds" [Doc. 97, p. 2; Doc. 105, p. 2; Doc. 111, p. 2]. Plaintiff further alleges that the Tennessee Court of Appeals follows this same practice [Doc. 97, p. 2; Doc. 105, p. 2; Doc. 111, p. 2]. Plaintiff also alleges that it "depends on the motion being filed that [sic] determines the applicable Rules that apply to the motion" and "[a] District Court's Local Rules cannot supersede or take precedent over the Federal Rules of Civil Procedure or the Federal Rules of Appellate Procedure" [Doc. 111, p. 2].[2]

The DHHF defendants reply that the subsection of Local Rule 7.1 to which plaintiff cites does not exist [Doc. 99, pp. 1–2]. Moreover, they assert that plaintiff's understanding of the Federal Rules of Appellate Procedure and Tennessee Rules of Appellate Procedure is erroneous, but such briefing schedules are immaterial to the briefing schedules followed by this Court [*Id.* at 2]. Murray Guard and the Federal Defendants do not reply.

**C.  Analysis**

Local Rule 7.1 permits the filing of (1) an opening brief, (2) an answering brief, and (3) a reply brief for all motions. E.D. Tenn. L.R. 7.1(a). Subsection (c) addresses reply briefs, stating that such are not necessary and are not required but, if filed "shall not be

---

[2] In his responses to the motions to strike, plaintiff also attempts to allege that Murray Guard's counsel and his law firm are involved in a conspiracy with other defendants in this action [Doc. 105, p. 2], and add more argument in support of his response in opposition to the Federal Defendants' Motion to Dismiss [Doc. 111, pp. 3–8]. Because neither of these inclusions are appropriate in the responses to the motions to strike, the Court has not considered them.

used to reargue the points and authorities included in the opening brief, but shall directly reply to the points and authorities contained in the answering brief." E.D. Tenn. L.R. 7.1(c). Subsection (d) of that Rule provides that "[n]o additional briefs, affidavits, or other papers in support of or in opposition to a motion shall be filed without prior approval of the Court, except that a party may file a supplemental brief of no more than 5 pages to call to the Court's attention developments occurring after a party's final brief is filed." E.D. Tenn. L.R. 7.1(d).

To the extent that plaintiff contends that his supplemental briefs are appropriate reply briefs under Rule 7.1(c) or 7.1(e), he is incorrect. First, as noted above, Rule 7.1(c) addresses the filing of reply briefs, that is, the third permissible filing under Rule 7.1(a), not a fourth filing also labeled "reply." The text of that rule, which notes that the reply brief should "directly reply to the points and authorities contained in the answering brief," makes clear that the "reply brief" permitted under that rule is that third filing referenced in Rule 7.1(a). E.D. Tenn. L.R. 7.1(c).

Moreover, Local Rule 7.1 does not contain a subsection (e). *See* E.D. Tenn. L.R. 7.1. Plaintiff contends that this subsection of the Local Rule states as follows:

> **E. Reply Briefs.** "As provided by Local Rule 7.1(c), '[u]nless otherwise stated by the Court, reply briefs are not necessary and are not required by the Court.' All parties are expected to adhere to the terms of Local Rule 7.1(c), and, in the event a reply brief becomes necessary, that reply shall not exceed ten pages. If a party files a reply brief exceeding ten pages, the Court will only consider the first ten pages."

[Doc. 111, p. 3]. But this language is not contained in the Court's Local Rules. Rather, the Court's research reveals that this language is from Judge McDonough's "Judicial

Preferences" on the Court's website. *See* "Travis R. McDonough, Chief United States District Judge," United States District Court Eastern District of Tennessee, https://www.tned.uscourts.gov/content/travis-r-mcdonough-chief-united-states-district-judge (accessed Apr. 1, 2025). Notably, this language does not appear to permit a reply brief to a reply brief, as plaintiff asserts. Instead, this language relates to reply briefs, that is, the reply brief to the response brief permitted under the Local Rules. Regardless, the judicial preferences of one judge are not local rules and are not binding on other judges of the district.[3]

Thus, the only authority under which plaintiff could submit his additional briefing, after defendants' respective reply briefs, is under Local Rule 7.1(d). But plaintiff complied with none of the requirements of that rule. Specifically, Rule 7.1(d) allows either: (a) a supplemental brief of 5 pages or less to call to the Court's attention developments occurring after a party's final brief is filed; or (b) a supplemental brief with prior Court approval. Plaintiff's supplemental briefs all exceed 5 pages and none call to the Court's attention developments occurring after a party's final brief is filed. Plaintiff asserts that his supplemental briefs do relate to new developments, specifically, the arguments raised in defendants reply briefs. But this is not the type of "development" Rule 7.1(d) references. If it were, a supplemental brief would be automatically permitted anytime a reply brief is filed. Moreover, plaintiff did not seek the Court's prior approval to file supplemental briefs

---

[3] To the extent that plaintiff contends that this judicial preference is a "rule," the Court notes that the Local Rules "supersede all previous rules promulgated by this Court or any judge of this Court[.]" E.D. Tenn. L.R. 1.1(c).

6

regarding the relevant motions to dismiss. Accordingly, the Court finds that plaintiff's supplemental briefs [Docs. 79, 101, and 107] are improper under the Court's local rules.

Plaintiff seems to imply that his supplemental briefs, even if not permissible under the Court's local rules, are nonetheless permissible under the Federal Rules of Civil Procedure and/or the Federal Rules of Appellate Procedure. But plaintiff does not identify any specific rule that would permit his supplemental filings. And, notably, to the extent that plaintiff alleges that any rule of the Federal Rules of Appellate Procedure permits supplemental briefing, those rules "govern procedure in the United States court of appeals," Fed. R. App. P. 1(a)(1), and therefore, are not applicable in this Court. Moreover, the Federal Rules of Civil Procedure do not address these details of motions practice. Thus, the Court's local rule simply supplements the otherwise applicable Federal Rules of Civil Procedure in this regard. *See* E.D. Tenn. L.R. 1.1(c) ("These rules . . . supplement the Federal Rules of Civil Procedure . . . .").

Although the Court liberally construes pro se pleadings, *see Boswell v. Mayer*, 169 F.3d 384 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings"), plaintiff's "status as a *pro se* litigant absolves him from neither the requirements of the Federal Rules of Civil Procedure nor the Local Rules." *Greer v. Home Realty Co. of Memphis, Inc.*, No. 2:07-cv-2639, 2010 WL 6512339, at *2 (W.D. Tenn. July 12, 2010). Because plaintiff's supplemental briefs do not comply with the Court's Local Rules, the defendants' motions to strike are **GRANTED**.

7

E.  Conclusion

For the reasons stated herein, defendants' motions to strike [Docs. 87, 103, 110] are **GRANTED**.  Plaintiff's improperly filed supplemental briefs [Docs. 79, 101, 107] are hereby **STRICKEN** from the record.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE