**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| CARLTON B. PARKS, | ) | |
| | ) | Case No. 1:24-cv-5 |
| *Plaintiff*, | ) | |
| | ) | Judge Atchley |
| v. | ) | |
| | ) | Magistrate Judge Dumitru |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Murray Guard's Motion to Dismiss Amended Complaint and/or for Summary Judgment [Doc. 74]. For reasons that follow, the Motion to Dismiss [Doc. 74] will be **GRANTED** and Plaintiff's claims against Murray Guard **DISMISSED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In a wide-ranging Amended Complaint spanning over ten years and sixty-five pages, Plaintiff asserts civil rights violations, violation of federal criminal statutes, and various state common law claims ranging from fraud to criminal perjury. His claims begin with the end of his employment with Murray Guard in 2014 and spread out into the different pieces of litigation he brought related to that termination. Though he settled his initial Chancery Court lawsuit against Murray Guard in December 2018, he then sued the attorney who represented him for malpractice. When that action was dismissed, he appealed. That appeal was dismissed. In 2019, he sued the Tennessee Valley Authority, asserting, *inter alia*, that the TVA was his joint employer and thus liable for his allegedly unlawful termination. *See Parks v. Lyash, et al.*, Case No. 1:19-cv-349

(E.D. Tenn.) ("*Parks I*").[1] Chief District Judge Travis McDonough dismissed his claims and the Sixth Circuit affirmed that dismissal.

Unhappy with the results of his prior litigation, he now brings claims against over thirty individuals and entities involved in those lawsuits, including Sixth Circuit Chief Judge Jeffrey Sutton, District Judge McDonough, Magistrate Judge Steger, several state court judges, Hamilton County, Tennessee. and members of the Hamilton County Clerk's Office, lawyers who represented him in the past, lawyers who represented his opponents, and, relevant here, his former employer, Murray Guard.

The overwhelming majority of Plaintiff's allegations against Murray Guard predate this action by nearly a decade, as does his employment. As best the Court can discern, Plaintiff was terminated or laid off from Murray Guard on or about September or October of 2014. [*See* Doc. 15 at pg. 11, 16]. Of the roughly 33 Counts of the Complaint, only one is against this Defendant. Plaintiff's central contention is that his former employer "conspired with TVA and they both orchestrated a plan to have Plaintiff removed and terminated . . . under the pretext of being laid off." [*Id.* at ¶ 199]. Plaintiff asserts Murray Guard fraudulently withheld documents from Plaintiff in prior litigation, made false statements, "failed to report TVA's discriminatory and retaliatory conduct to the Office of Federal Contract Compliance," and that someone altered his offer of employment letter. [*Id.* at pgs. 40-42]. With few exceptions, the allegations in paragraphs 191 to 199 relate to events from 2013 to 2015. Many of the factual allegations appear to have been gleaned

---

[1] In this Memorandum Opinion, the Court periodically refers to filings and rulings in Parks's prior cases. These documents are public records. All were either referenced/quoted in Plaintiff's pleadings and briefing, are integral to his claims, or were actually filed as exhibits. Accordingly, the Court takes judicial notice of their contents. *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) ("Federal courts may take judicial notice of proceedings in other courts of record." (citation omitted)).

from prior lawsuits. For example, Plaintiff quotes emails between Murray Guard and TVA, alleging the company "was strategizing on how to negate Plaintiff if he found out what TVA-MG were doing." [*Id.* at ¶ 196].

On the basis of these allegations, Plaintiff asserts the following claims against this Defendant: "18 U.S.C. §2071 (a)(b); Fraud T.C.A. 28-3-105(1); False Statements by conceal trick scheme 18 U.S.C. §1001(a)(l-3); Concealing Records 18 U.S.C. § 1512 (c)(1)(2); hiding TVA-Civil Conspiracy to Defraud 18 U.S.C. §371; and Perjury 18 U.S.C. §1621(1)(2); Civil Fraud; Fraudulent Concealment and Non -Disclosure; Civil Conspiracy; Tort of Deceit." [*Id.* at pg. 40].

## II. STANDARD OF REVIEW

On a motion to dismiss, the Court "must accept as true 'well pleaded facts' set forth in the complaint." *In re Comshare Inc. Sec. Litig.*, 183 F.3d 542, 548 (6th Cir. 1999) (citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Generally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "The [plaintiff's] factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). "Mere labels and conclusions are not enough; the allegations must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 575 (quoting *Ashcroft*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the

Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Plaintiff is proceeding in this action *pro se*. The Court is mindful that *pro se* complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys. *Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 358 (6th Cir. 2012). However, the Court is "not require[d] to either guess the nature of or create a litigant's claim." *Leeds v. City of Muldraugh*, 174 F. App'x 251, 255 (6th Cir. 2006). Likewise, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law," and ultimately, those who proceed without counsel must still comply with the procedural rules that govern civil cases, including the pleading standards set forth in Rule 8(a) of the Federal Rules of Civil Procedure. *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006); *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005) ("[*P*]*ro se* litigants are not relieved of the duty to develop claims with an appropriate degree of specificity."); *see also* E.D. Tenn. L.R. 83.13 ("Parties proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure and these rules.").

## III. POSITIONS OF THE PARTIES

Defendant Murray Guard, Incorporated, moves to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction and failure to state a claim. [Doc. 74]. Murray Guard argues Plaintiff is attempting to relitigate disputes already brought and resolved in state court, that his claims are not cognizable, and that they are barred by the statute of limitations. [*Id.*]. In the alternative, Murray Guard moves for summary judgment on a Settlement Agreement and General Release between Plaintiff and Murray Guard, attached to the Motion to Dismiss and executed by Plaintiff on December 28, 2018. [Doc. 74-1].

Plaintiff's response brief is a veritable avalanche of allegations repeated, often more than once, from his Amended Complaint, mixed with entirely new allegations and accompanied by nearly 200 pages of discovery and other documents from his prior cases. The overwhelming majority of this material is irrelevant to the issues at hand.

The Court has earnestly endeavored to identify actually relevant argument and allegations, and understands Plaintiff to be raising the following arguments against dismissal: Plaintiff contends (1) the settlement agreement with Murray Guard is unenforceable; (2) Murray Guard failed to disclose to Plaintiff that he was a joint employee of Murray Guard and TVA;[2] (3) Murray Guard fraudulently concealed material evidentiary documents in Plaintiff's lawsuit against it; (4) Murray Guard is liable under § 1983 and his civil conspiracy and constructive fraud claims are not barred by the statute of limitations; (5) Murray Guard submitted fraudulent interrogatory answers on January 15, 2018; (6) Plaintiff's claims are not barred by the *Rooker-Feldman* doctrine, res judicata, or claim preclusion because Hamilton County omitted documents from the appellate record in a different lawsuit; and (7) the applicable statute of limitations is three years because this litigation is pursuant to a permanent employment contract.

## IV. ANALYSIS

### A. Criminal Statutes

First, criminal statutes ordinarily do not create a private cause of action. That is true of each of the statutes Plaintiff cites.[3] Any purported claim premised on those statutes is **DISMISSED** for failure to state a claim.

---

[2] He was not. The Sixth Circuit has already held that "TVA was not Parks's employer." [*Parks I*, Doc. 163 at 9].

[3] *Doss v. Beshear*, 2016 WL 2990748, at *3 n.2 (E.D. Ky. May 20, 2016) (18 U.S.C. § 2071 is a criminal statute that carries no private right of action); *Dionne v. United States Navy*, 2024 WL 5245093, at *2 (W.D. Tenn. Dec. 30, 2024) ("18 U.S.C. § 1001 is a criminal statute that does not

### B. Civil Claims

Plaintiffs' remaining claims are for civil fraud, fraudulent concealment and non-disclosure, civil conspiracy, and the tort of deceit. "In Tennessee, 'intentional misrepresentation,' 'fraudulent misrepresentation,' and 'fraud' are different names for the same cause of action and involve the same elements." *Hale v. Woodward*, 729 F.Supp. 3d 792, 798 (M.D. Tenn. April 9, 2024). "Intentional misrepresentation," meanwhile, "derives its origin from the common law tort of deceit." *First Nat'l Bank v. Brooks Farms*, 821 S.W.2d 925, 927 (Tenn. 1991). Finally, "fraudulent concealment" is not an independent claim, but a basis for tolling the statute of limitations. *Estate of Rose v. Wellmont Health Sys.*, 714 S.W.3d 521, 532 (Tenn. Ct. App. 2024) (explaining elements of fraudulent concealment as a defense to statute of repose). Pulling these principles together, Plaintiff asserts claims for civil conspiracy and fraud / intentional misrepresentation against Murray Guard and alleges the claims are not time-barred due to fraudulent concealment.

Plaintiffs' claims for civil conspiracy and fraud against Murray Guard arise out of his termination and the 2022 discovery of previously-withheld documents. [Doc. 15 at ¶ 196] (citing 2014 emails and stating "This is evidence of a Civil Conspiracy and to Defraud"). The only other reference to "fraud" in his cause of action against Murray Guard is the contention the company was "fraudulently withholding" documents from its discovery. [*Id.* at ¶ 193]. His conspiracy allegations, meanwhile, arise entirely out of his employment and its termination.

---

provide a private right of action."); *Jackson v. Grand Rapids Police Dept.*, 2025 WL 1334627, at *2 (claim based on 18 U.S.C. § 1512 "is meritless" because it is a criminal statute that "provide[s] no private right of action"); *Jones v. Thompson Towers Apts.*, 2025 WL 2941911, at *2 (E.D. Mich. Oct. 16, 2025) (explaining 18 U.S.C. § 371 confers no private cause of action in a civil case and collecting cases); *Ongori v. Hawkins*, 2017 WL 6759020, at *2 (6th Cir. Nov. 15, 2017) (18 U.S.C. § 1621 is a "criminal statute[] that do[es] not allow a private right of action").

### 1. Plaintiff Released Defendant from Liability for All Claims Arising Out of His Employment and Termination

Plaintiff sued Murray Guard in the Chancery Court of Hamilton County in 2016. His claims were settled and dismissed with prejudice in that litigation. An Agreed Order of Compromise and Dismissal [Doc. 74-1 at 3] was entered on January 2, 2019, ordering "that this action be, and the same hereby is, dismissed with prejudice, including all claims that the Plaintiff asserted or could have asserted against Defendant Murray Guard, Inc., in this action." [Doc. 74-1 at 3]. Murray Guard has filed the Confidential Mediation Settlement Agreement [Doc. 74-1 at 1] the parties entered. That agreement provides: "Plaintiff hereby releases Defendant and its employees, agents and representatives from any and all liability of any kind. This release is intended as a general release of any and all claims of any kind, known or unknown." [*Id.*]. Defendant now asks the Court to enforce that Settlement Agreement by dismissing Plaintiff's claims.

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss, so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "Although Rule 12(d) of the Federal Rules of Civil Procedure requires a court to treat a Rule 12(b)(6) motion as one for summary judgment if matters outside the pleadings are presented to and not excluded by the court," there are well-established exceptions. *Id.* The Sixth Circuit in *Bassett* found that "the EEOC documents and the Settlement Agreement attached to the Motion to Dismiss are central to the claims and are public records." *Id.* (considering prior settlement agreement in dismissing plaintiff's employment discrimination

claims); *see also N.D. Mgmt. Inc. v. Hawkins*, 2019 WL 266715, at *1 n.4 (M.D. Tenn. Jan. 18, 2019) (considering settlement agreement documents that were "referenced in the Complaint [or] relied upon in the parties' briefs"); *Coleman-Ward v. Bowden*, 2023 WL 8440963, at *3 (W.D. Tenn. Oct. 24, 2023) ("[C]ourts have considered settlement agreements at the motion to dismiss stage without converting the motion into one for summary judgment.") (collecting cases); *Lucas v. Total Security Vision, Inc.*, 2019 WL 4727371 (S.D. Ohio Sept. 27, 2019) (granting motion to dismiss pro se plaintiff's claims with prejudice based on prior settlement agreement).

The Court may consider the Settlement Agreement here because it is referenced in the Amended Complaint [Doc. 15 at ¶ 262] and central to Plaintiff's claims. Among other things, Plaintiff alleges in this action that his attorney "used fraudulent representation" to force or coerce him to "accept a meager settlement offer against his wishes." [*Id.*]. He references the settlement or settlement agreement numerous times in his pleadings, as well as the December 28, 2018, settlement conference from which it arose. [*See, e.g.*, *id.* at pg. 4; ¶¶ 237-242]. Accordingly, the Court may consider the Settlement Agreement without converting the motion to dismiss into one for summary judgment. The Agreed Order of Compromise and Dismissal [Doc. 74-1 at 3] entered by Chancellor Atherton in the Chancery Court matter may also be considered because it is a public record.

"Because settlement agreements are a type of contract, the formation and enforceability of a purported settlement agreement are governed by state contract law." *Smith v. ABN Amro Mortg. Grp.*, 434 F. App'x 454, 460 (6th Cir. 2011). "In Tennessee, a court 'must enforce a settlement agreement as agreed to by the parties and is not permitted to alter the terms of the agreement.'" *Coleman-Ward v. Bowden*, 2023 WL 8440963, *3 (W.D. Tenn. Oct. 24, 2023) (quoting *Moffett v. Carman*, 1995 Tenn. App. LEXIS 353, at *10 (Tenn. Ct. App. May 26, 1995)).

The Settlement Agreement Plaintiff signed in his Chancery Court case against Murray Guard released Defendant "from any and all liability of any kind," including "all claims of any kind, known or unknown." [Doc. 74-1 at 1]. It therefore clearly includes Plaintiff's claims against Murray Guard related to his employment and the termination of his employment, all of which predate the agreement. *See Coleman-Ward*, 2023 WL 8440963 at *5 (recommending enforcement of settlement agreement in Chancery Court that "forever resolved" the dispute, "expressly including known and unknown claims") report and recommendation adopted by *Coleman-Ward v. Bowden*, 2023 WL 8440074 (W.D. Tenn. Dec. 5, 2023). "The fact that Plaintiff now realizes the settlement agreement may be interpreted in a way that he did not intend, or is unhappy with the bargain he struck, does not warrant setting aside the contract based on unconscionability." *Lucas v. Total Security Vision, Inc.*, 2019 WL 5685707, *7 (S.D. Ohio May 13, 2019) report and recommendation adopted by *Lucas v. Total Security Vision, Inc.*, 2019 WL 4727371 (S.D. Ohio Sept. 27, 2019).

Plaintiff contends, however, that the Settlement Agreement is unenforceable because it was "based upon fraud, coercion, and duress." [Doc. 93 at 1]. He contends that at the December 28, 2018, settlement conference with Murray Guard, he told his attorney Adam Holland that he wanted to go to trial and that the back pay award was insufficient. [*Id.* at 2]. Plaintiff alleges his attorney told him Murray Guard was going to file second motion for summary judgment, that it would be granted, and that if he did not accept the settlement offer, he would get nothing. [*Id.*]. Attorney Holland said he could not do anything else for Plaintiff. [*Id.*]. All of this, Plaintiff says, was said in front of the mediator, John Harrison. [*Id.*].

"Once a settlement is reached, the party challenging the settlement bears the burden of showing that the settlement contract was invalid." *Igani v. Summit Physical Therapy*, 2019 WL

13299291, *5 (E.D. Tenn. Dec. 20, 2019). The pro se plaintiff in *Igani* made essentially the same arguments Plaintiff makes now, urging that his mediation settlement agreement was unenforceable. The court held: "[T]he fact that [plaintiff's] attorney may have urged settlement does not create coercion or duress." *Id.* at *6; *see also Delgado v. UHS Lakeside, LLC*, 2013 WL 4648294, at * 7 (W.D. Tenn. Aug. 29, 2013) (attorney "communicating to his client the advisability of settling a case" does not amount to coercion or duress); *Childs v. HSBC Mortg. Servs., Inc.*, 2012 WL 6060962, at *6 (M.D. Tenn. Sept. 14, 2012) (rejecting plaintiffs' argument that their lawyer "railroaded" or "brow beat" them into signing a settlement agreement).

To the extent Plaintiff alleges that the mediator's participation undermined the settlement, he is mistaken. "[A] mediator's prognostication about [plaintiff's] chances at trial does not divest [plaintiff] of his own independent will." *Igani*, 2019 WL 13299291 at *6. And "a prediction that [plaintiff] would lose at trial does not amount to a threat, let alone fraud, trickery, or manipulation." *Id.* (internal punctuation omitted). Plaintiff makes no allegations whatsoever to suggest he was incapacitated, threatened, or otherwise unable to independently weigh the pros and cons of settlement before agreeing to it. That he is now unhappy with the agreement he entered does nothing to invalidate it. *See Ashley v. Blue Cross & Blue Shield of Mich.*, 225 F.3d 658 (Table) 2000 WL 799305, *2 (6th Cir. 2000) ("The fact that [plaintiff] may have had a change of heart following the settlement . . . is insufficient to invalidate the otherwise valid settlement agreement entered into by the parties."); *Igani*, 2019 WL 13299291 at *6 (plaintiff's "settlor's remorse . . . cannot unsettle what he settled through objective assent to the language of the Mediation Settlement Agreement").

Pursuant to the Settlement Agreement, Plaintiff released Murray Guard from any and all liability for claims "known or unknown" at the time. His civil conspiracy claim relates entirely to

his employment/termination and was therefore released in the Settlement Agreement. That is true even if he did not realize at the time that he could have brought the claim. Likewise, he released Murray Guard from liability for any fraud / intentional misrepresentation claim arising out of his employment/termination. His claims are barred by the release in the Settlement Agreement and must be dismissed.

### 2. Plaintiff Fails to State a Fraud Claim as to Post- Settlement Allegations

To the extent Plaintiff asserts a free-standing fraud claim based on Murray Guard's alleged refusal to produce documents that Plaintiff only discovered in 2022, he has not stated a claim. Plaintiff alleges that in *Parks I*, TVA produced documents that Murray Guard had purportedly concealed or refused to produce, presumably in the Chancery Court litigation. [Doc. 93 at 4, 8]. According to Plaintiff, some of TVA's discovery responses also contradicted or undermined positions Murray Guard took in the earlier case. TVA's discovery responses were "released" on February 14, 2022. Plaintiff argues that the responses and documents contained in the production are "evidence of a Civil Conspiracy and to Defraud." [*Id.* at 41].

To state a claim for fraud in Tennessee, a plaintiff must allege "(1) an intentional misrepresentation of an existing material fact, (2) knowledge of the representation's falsity, and (3) injury caused by reasonable reliance on the misrepresentation." *Lopez v. Taylor*, 195 S.W.3d 627, 634 (Tenn. Ct. App. 2005). Such a claim "must be stated with particularity, and the plaintiff must, at minimum, allege the time, place and content of the misrepresentations; the defendant's fraudulent intent; the fraudulent scheme; and the injury resulting from the fraud." *Id.*

Plaintiff's fraud claim fails because he does not allege any identifiable misrepresentation by Murray Guard, much less an intentional misrepresentation of an existing material fact. He does not allege the content of the purported misrepresentation, nor does he allege he relied on it to his

detriment or explain how the misrepresentation injured him. All he alleges is that Murray Guard responded to discovery requests in the Chancery Court litigation on October 23, 2015, and that in *Parks I*, TVA produced documents previously withheld by Murray Guard. [Doc. 93 at 4, 8; Doc. 15 at ¶ 193]. Plaintiff calls this omission "fraudulent concealment," but alleges no facts from which the Court could infer intent or concealment by Murray Guard. Assuming, *arguendo*, that Defendant's failure to produce certain documents in discovery could form the basis of an intentional misrepresentation claim, Plaintiff alleges no facts from which the Court could infer the misrepresentation was an intentional one or that it injured Plaintiff. And the Court need not accept a legal conclusion couched as a factual allegation.

Because he released Murray Guard from all liability, Plaintiff cannot bring a civil conspiracy or fraud claim relating to his employment/termination. His civil conspiracy claim is only connected to his 2013 to 2014 employment and is therefore **DISMISSED** based on the Settlement Agreement. To the extent premised on his employment/termination, his fraud claim is **DISMISSED** for the same reason. Any claim based on Murray Guard's purported failure to produce documents in discovery is **DISMISSED** for failure to state a claim.

### 3. In the Alternative, the Statute of Limitations Bars Plaintiff's Claims

In the alternative, the Court finds that Plaintiff's civil conspiracy and fraud claims are barred by the statute of limitations and subject to dismissal for that reason. "The general rule is that we will not extend the statute of limitations by even a single day." *Ruth v. Unifund CCR Partners*, 604 F.3d 908, 910 (6th Cir. 2010). Plaintiff contends (1) the applicable statute of limitations is 3 years under T.C.A. § 28-3-105(1) and (2) that period was tolled until either August 2022 or March 2023, making his January 8, 2024, filing timely.

As Plaintiff asserts: "Plaintiff's litigation is pursuant to a permanent employment contract" and "his injury arises by virtue of losing his contract right, which is property." [Doc. 93 at 19]. But Plaintiff's employment with Murray Guard ended no later than October 2014. [Doc. 15 at pg. 16, ¶ 54] ("October 03, 2014, is the last day that Plaintiff worked."); *see Parks v. Lyash*, 2023 WL 6237062, at *2 (noting Parks was informed he was being laid off in September 2014, and his last day working on a TVA site was October 2, 2014). Assuming, *arguendo*, that a 3-year statute of limitations applies, it had long-since expired when he filed this lawsuit in 2024.

Looking to avoid this result, Plaintiff urges that the statute of limitations was tolled by Defendant's fraudulent concealment.[4] But his tolling argument is based on completely unrelated allegations against different Defendants in a different lawsuit. He contends that on or about August 29, 2022, Hamilton County employees Larry Henry and Erin Eversole "criminally and fraudulently concealed, removed, and omitted six (6) of the Plaintiff's material evidentiary documents" in submitting the technical record to the Tennessee Court of Appeals in his malpractice lawsuit against Attorney Adam Holland. [Doc. 93 at 12; Doc. 15 at ¶ 289]. "Plaintiff learned of the criminal removal and omitting of his material evidentiary mediation documents on January 20, 2023, and on March 26, 2023." [*Id.* at pg. 10]. Plaintiff argues he "could not have filed the fraudulent concealment; civil conspiracy; constructive fraud; civil fraud; and obstruction of justice claims in the previous litigation because he did not learn of [Evans, Harrison, and Hackett, PLLC's] conduct and Circuit Court Clerks Henry and Eversole's conduct until January 20, 2023, after oral argument." [*Id.* at 21].

---

[4] "The doctrine of fraudulent concealment allows equitable tolling of the statute of limitations where 1) the defendant concealed the underlying conduct, 2) the plaintiff was prevented from discovering the cause of action by that concealment, and 3) the plaintiff exercised due diligence to discover the cause of action." *Huntsman v. Perry Local Sch. Bd. of Educ.*, 379 F. App'x 456, 461 (6th Cir. 2010).

Plaintiff's allegations about the appellate record in a different case involving different defendants have no relevance to the statute of limitations for his claims against Murray Guard. That he allegedly discovered the "criminal removal" and omission of mediation-related documents in 2023 does not render his claims against his former employer timely. Plaintiff has not shown that Murray Guard "concealed the underlying conduct" as to any claim. He has not identified any particular cause of action against this Defendant that he was prevented from discovering due to the alleged appellate record omissions.

Moreover, Plaintiff already alleged a conspiracy between TVA and Murray Guard in the Amended Complaint he filed in *Parks I* on May 11, 2020. He alleges, for example, that the TVA Defendants "held a meeting and orchestrated a plan to have the Plaintiff removed from TVA to help Murray Guard terminate his employment." [*Parks I*, Doc. 17 at ¶¶ 91-92]. So he cannot seriously argue that the appellate record omissions in 2023 or the February 2022 document production in *Parks I* were the first events to put him on notice of a potential conspiracy claim – by that time, he had already asserted one. [5]

Finally, Plaintiff repeatedly asserts in his Response [Doc. 93] that Murray Guard is liable under federal civil rights statutes, including 42 U.S.C. § 1983, § 1985, and § 1986. He does not say which of his civil rights he seeks to vindicate. Regardless, he did not assert any of these claims against Murray Guard in the Amended Complaint, and he cannot do so in responsive briefing. These claims would in any event be time-barred because the applicable statute of limitations is one year. "The applicable statute of limitations . . . is that stated in Tenn. Code Ann. § 28-3-104(a)(3)

[5] Plaintiff does not argue that the TVA's February 14, 2022, disclosure of previously-withheld documents in *Parks I* tolled the statute of limitations as to any claim against Murray Guard. Regardless, the documents he identifies relate to his employment/termination, so any claim premised on those documents would be subject to the general release in the Settlement Agreement even if they were somehow not time-barred.

(Supp. 1996), which governs personal tort actions brought under federal civil rights statutes." *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997) (affirming dismissal of plaintiff's claims under 42 U.S.C. §§ 1983, 1985, 1986, and 1989). None of his allegations against Murray Guard occurred in the year before he filed the Complaint [Doc. 1]. And none suggest Murray Guard is a state actor, as required to state a claim under § 1983.

## V. CONCLUSION

Accordingly, Defendant Murray Guard's Motion to Dismiss Amended Complaint [Doc. 74] is **GRANTED** and all of Plaintiff's claims against Murray Guard are **DISMISSED WITH PREJUDICE** for failure to state a claim.

**SO ORDERED.**

*<u>/s/ Charles E. Atchley, Jr.</u>*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**