**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| CARLTON B. PARKS,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES, *et al.,*<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:24-cv-5<br><br>Judge Atchley<br><br>Magistrate Judge Dumitru |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss [Doc. 81] of Tennessee Valley Authority ("TVA"), and individual Defendants Jeffrey Lyash, Edward Spoone, Kristi Foxx, and Jamie Lynch (the "TVA Defendants"). For reasons that follow, the Motion to Dismiss [Doc. 81] will be **GRANTED** and Plaintiff's claims against all TVA Defendants **DISMISSED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In a wide-ranging Amended Complaint spanning over ten years and sixty-five pages, Plaintiff asserts civil rights violations, violation of federal criminal statutes, and various state common law claims ranging from fraud to conspiracy. His claims begin with the end of his employment with Murray Guard in 2014 and spread out into the different pieces of litigation he brought related to that termination. Though he settled his initial Chancery Court lawsuit against Murray Guard in 2018, he then sued the attorney who represented him for malpractice. When that action was dismissed, he appealed unsuccessfully. In 2019, he sued the Tennessee Valley Authority, asserting, *inter alia*, that the TVA was his joint employer and thus liable for his allegedly unlawful termination and for age and race discrimination during his employment. District Judge Travis R. McDonough dismissed his claims and the Sixth Circuit affirmed that dismissal.

Unhappy with the results of his prior litigation, he now brings claims against over thirty individuals and entities involved in those lawsuits, including Sixth Circuit Chief Judge Jeffrey Sutton, District Judge McDonough, and Magistrate Judge Christopher Steger; several state court judges; Hamilton County, Tennessee; members of the Hamilton County Clerk's Office; lawyers who represented him in the past; lawyers who represented his opponents; his former employer, Murray Guard; and, relevant here, the Tennessee Valley Authority and several TVA employees.

Plaintiff has already sued the TVA and each of the individual TVA Defendants in this Court. *See Parks v. Lyash, et al.*, Case No. 1:19-cv-349 (E.D. Tenn.) ("*Parks I*"). As he does here, Plaintiff alleged in *Parks I* that he was jointly employed by TVA and Murray Guard starting in 2013. [*See Parks I*, Doc. 100 at 3-5]. He alleged he was discriminated against based on his race and age in several respects, including, *inter alia*, the handling of his sensitive security clearance application, his removal from TVA's Raccoon Mountain site, and the conduct of a supervisor. He alleged that after he made a formal complaint, Murray Guard and TVA orchestrated a plan to remove him. [*Id.*]. He claimed to have a "contractual agreement" with TVA that it breached and/or interfered with. [*Id.* at pgs.12, 16-17].

The Amended Complaint [Doc. 15] in this case restates all of these factual allegations and then some. Plaintiff again alleges his security clearance application was mishandled, that he was improperly removed from TVA sites, that his supervisor created a hostile work environment, and that other aspects of his employment and termination were discriminatory and unlawful. [*See, e.g.,* Doc. 15 at pgs. 23-31]. He again alleges TVA and Murray Guard orchestrated his removal, that his layoff was pretextual, and that TVA breached its contractual agreement with Plaintiff by conspiring to have him wrongfully terminated. [*Id.* at pg. 19; *Parks I*, Doc. 17 at ¶ 50 ("TVA breached its contract with Plaintiff when Defendants' conspired and had him wrongfully

terminated.")]. The overwhelming majority of his factual allegations are dated between 2013 to 2016. In the instant action, however, he adds various allegations about the *Parks I* litigation itself. These allegations relate to deposition testimony, discovery responses, and documents produced in discovery in *Parks I*.

Plaintiff's claims at times defy description, but as depicted in the chart below, most are nearly identical to those brought in *Parks I*. For clarity and ease of reference, the Court has numbered his causes of action. Counts 1 to 14, 16, and 17 of the Amended Complaint are against one or more TVA Defendants. Statutes highlighted in grey are criminal statutes for which there is no private right of action.[1]

| ***Parks II*** | ***Parks I*** | ***Parks I* Disposition** |
|---|---|---|
| **Count 1**: Title VII Discrimination [Doc. 15 at pgs. 23-24] | Title VII Race Discrimination / Wrongful Termination *Parks I*, [Doc. 17 at pgs. 12-13; pg. 20] | Dismissed on summary judgment *Parks I*, [Doc. 158]; affirmed [*Id.*, Doc. 163] |
| **Count 2**: Title VII Retaliation [*Id.* at pgs. 25-26] | Title VII Retaliation [*Id.* at pgs. 13-15]. | Dismissed on summary judgment *Parks I*, [Doc. 158]; affirmed [*Id.*, Doc. 163] |
| **Count 3**: Title VII Hostile Work Environment [*Id.* at pg. 27] | Title VII Hostile Work Environment [*Id.* at pg. 15]. | Dismissed on summary judgment *Parks I*, [Doc. 158]; affirmed [*Id.*, Doc. 163] |

[1] *Jones v. Thompson Towers Apts.*, 2025 WL 2941911, at *2 (E.D. Mich. Oct. 16, 2025) (explaining 18 U.S.C. § 371 confers no private cause of action in a civil case and collecting cases); *Ongori v. Hawkins*, 2017 WL 6759020, at *2 (6th Cir. Nov. 15, 2017) (18 U.S.C. §§ 1621 and § 1623 are "criminal statutes that do not allow a private right of action"); *Doss v. Beshear*, 2016 WL 2990748, at *3 n.2 (E.D. Ky. May 20, 2016) (18 U.S.C. § 2071 is a criminal statute that carries no private right of action); *Dionne v. United States Navy*, 2024 WL 5245093, at *2 (W.D. Tenn. Dec. 30, 2024) ("18 U.S.C. § 1001 is a criminal statute that does not provide a private right of action."); *Douglas v. McLain*, 2016 WL 51277, at *4 (W.D. Tenn. Jan. 4, 2016) (no private right of action under T.C.A. § 39-16-702); *Burnside v. Walters*, 2014 WL 4809937, at *1 (W.D. Tenn. Sept. 26, 2014) (no private right of action under T.C.A. § 39-16-703).

| | | |
|---|---|---|
| **Count 4**: ADEA Age Discrimination [*Id*. at pg. 27] | ADEA Age Discrimination [*Id*. at 15-16]; | Dismissed on summary judgment *Parks I*, [Doc. 158]; affirmed [*Id*., Doc. 163]] |
| **Count 5**: § 1981 Race Discrimination [*Id*. at pg. 28] | § 1981 Race Discrimination / Retaliation [*Id*. at pg. 16]. | Dismissed on summary judgment *Parks I*, [Doc. 158]; affirmed [*Id*., Doc. 163] |
| **Count 6**: Breach of Employment Contract [*Id*. at pg. 29] | Breach of Contract [*Id*. at 16-17] | Dismissed on summary judgment *Parks I*, [Doc. 158]; affirmed [*Id*., Doc. 163] |
| **Count 7**: Intentional Interference with Employment Relationship and § 1981 [*Id*. at pg. 30] | Interference with Prospective Employment Relationship [*Id*. at pg. 17] | Dismissed, judgment on the pleadings *Parks I*, [Doc. 100] |
| **Count 8**: Tortious Interference with Employment Relationship and § 1981 [*Id*. at 30-31] | Tortious Interference with Employment Relations Contract [*Id*. at 17-18] | Dismissed, judgment on the pleadings *Parks I*, [Doc. 100] |
| **Count 9**: Inducement and Procurement of Breach of Contract; T.C.A. § 47-50-109; and § 1981 [*Id*. at pgs. 31-32] | Inducement of Breach of Contract, Tortious interference [*Id*. at 18]<br><br>Procurement of Breach of Contract [*Id*. at 18-19] | Dismissed, judgment on the pleadings *Parks I*, [Doc. 100] |
| **Count 10**: Civil Conspiracy, Fraud, and Conspiracy to Defraud [*Id*. at pgs. 32-33]<br><br>Also cites 18 U.S.C. § 371; 28 U.S.C. § 2679(2)(b) (exclusiveness of remedies); and 16 U.S.C. § 831c-2(2)(1) (exclusiveness of remedies) | Civil Conspiracy [*Id*. at 19-20] | Dismissed, judgment on the pleadings *Parks I*, [Doc. 100] |
| **Count 11**: Title VII, § 1981, ADEA [*Id*. at pgs. 33-34] | See Title VII, § 1981, and ADEA claims, above. *Parks I*, [Doc. 17 at pgs. 12-16] | Dismissed on summary judgment *Parks I*, [Doc. 158]; affirmed [*Id*., Doc. 163] |

| | | |
|---|---|---|
| Also cites 18 U.S.C. § 1512(b)(1)(2)(A)(B); (c)(1)(2); (d)(1); and § 2071(a)(b) | | |
| **<u>Count 12</u>:** Fifth & Fourteenth Amendment Due Process; "Bivens Act" claim [*Id.* at pg. 34] | | |
| **<u>Count 13</u>:** Failure to Train & Supervise [*Id.* at pgs. 34-35] | | |
| **<u>Count 14</u>:** § 1981 "Official Policy or Custom" claim [*Id.* at pgs. 35-37] | | |
| **<u>Count 16</u>:** Civil Fraud, Tort of Deceit, Civil Conspiracy to Defraud – [*Id.* at 37-38]<br><br>Also cites 18 U.S.C. § 1621(1)(2) (Perjury) and 18 U.S.C. § 371 (Criminal Conspiracy Statute) | | |
| **<u>Count 17</u>:** Civil Fraud; Civil Conspiracy; Tort of Deceit, "Bivens Act" claim; First, Fifth, and Fourth Amendment Violations [*Id.* at pgs. 39-40]<br><br>Also cites 18 U.S.C. § 2071(a)(b) (Concealment /Destruction of Government Records); 18 U.S.C. § 1001(a)(2) (False Statements); 18 U.S.C. § 1623(a) (Perjury under Oath); 18 U.S.C. § 1621(1) (Perjury); T.C.A. | | |

| | | |
|---|---|---|
| § 39-16-702(a)(1-4) (Perjury); T.C.A. § 39-16-703(a)(1-3) (Aggravated Perjury) | | |

## II. STANDARD OF REVIEW

On a motion to dismiss, the Court "must accept as true 'well pleaded facts' set forth in the complaint." *In re Comshare Inc. Sec. Litig.*, 183 F.3d 542, 548 (6th Cir. 1999) (citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Generally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "The [plaintiff's] factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). "Mere labels and conclusions are not enough; the allegations must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 575 (quoting *Ashcroft*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Plaintiff is proceeding in this action *pro se*. The Court is mindful that *pro se* complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys. *Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 358 (6th Cir. 2012). However, the Court is "not require[d] to either guess the nature of or create a litigant's claim." *Leeds v. City of Muldraugh*, 174 F. App'x 251, 255 (6th Cir. 2006). Likewise, "liberal treatment of *pro se*

pleadings does not require lenient treatment of substantive law," and ultimately, those who proceed without counsel must still comply with the procedural rules that govern civil cases, including the pleading standards set forth in Rule 8(a) of the Federal Rules of Civil Procedure. *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006); *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005) ("[*P*]*ro se* litigants are not relieved of the duty to develop claims with an appropriate degree of specificity."); *see also* E.D. Tenn. L.R. 83.13 ("Parties proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure and these rules.").

## III. POSITIONS OF THE PARTIES

Defendants seek dismissal based on claim preclusion, arguing that each of Plaintiff's claims against TVA was or could have been litigated in *Parks I*. TVA further shows that (i) the Title VII and ADEA claims must be dismissed because the TVA was not Plaintiff's employer; (ii) the breach of contract and § 1981 claims fail because there was no contract for employment; (iii) the Title VII and ADEA claims are time-barred; (iv) the *Bivens* claim and state law tort claims are barred by the statute of limitations; (v) Title VII and ADEA claims cannot be brought against the individual TVA Defendants; (vi) the individual defendants are immune from liability for the state law tort claims; and (vii) any purported criminal claim must be dismissed because there is no private right of action as to any of them. As to Plaintiff's claims regarding Defendants' sworn statements and discovery in *Parks I*, Defendants contend they are spurious, precluded, and fail to state a claim.

Plaintiff largely concedes that he brought the same claims in *Parks I*. [Doc. 98]. Yet he contends the District Court and the Sixth Circuit did not address the evidence on the merits of his claims, so the resolution of that litigation was not "on the merits." He argues his claims are not

time-barred because of various acts of fraudulent concealment and conspiracy. Finally, he says his allegations related to TVA's conduct in *Parks I* represent new claims.

## IV. ANALYSIS

As Defendants show, several rulings in *Parks I* dispose of most of Plaintiff's claims here. First, the Court granted a motion to dismiss Plaintiff's Title VII and ADEA claims as to the individual TVA Defendants. *Parks I*, [Doc. 34 at 2]. Second, on May 17, 2022, the Court granted Defendants' motion for judgment on the pleadings as to the following claims: (i) interference with prospective employment relationship; (ii) tortious interference with employment contract; (iii) unlawful inducement of breach of contract and tortious interference with business relationship in violation of T.C.A. § 47-50-109; (iv) unlawful procurement of breach of contract in violation of T.C.A. § 47-50-109; (v) civil conspiracy; and (vi) "any claims based on the loss of [Plaintiff's] security clearance." *Parks I*, [Doc. 100 at 19]. These claims were dismissed with prejudice. [*Id.*].

Lastly, on September 14, 2022, Judge McDonough granted Defendants' motion for summary judgment on all remaining claims. *Parks I*, [Doc. 158]. This included: (i) Title VII claims for discrimination, retaliation, and hostile work environment; (ii) age discrimination under the ADEA; (iii) discrimination under 42 U.S.C. § 1981; and (vi) breach of contract. [*Id.* at 7, 17].

Parks appealed various rulings of the District Court, and the Sixth Circuit affirmed. *Parks I*, [Doc. 163]. Relevant here, the Sixth Circuit held: (i) Plaintiff's Title VII and ADEA claims were properly dismissed because TVA was not Parks's employer or joint employer; (ii) Plaintiff failed to establish the existence of a valid contract between himself and TVA as required to state a § 1981 or breach of contract claim; (iii) Plaintiff's remaining state law tort claims were time-barred; and (iv) Plaintiff's motion for leave to amend was properly denied as futile. [*Id.*].

"The doctrine of *res judicata* encompasses two separate concepts: issue preclusion and claim preclusion." *Wilkins v. Jakeway*, 183 F.3d 528, 532 (6th Cir. 1999). At issue here is claim preclusion. "Claim preclusion prevents parties from litigating matters that 'should have been advanced in an earlier suit." *Wheeler v. Dayton Police Dept.*, 807 F.3d 764, 766 (6th Cir. 2015). To establish claim preclusion, Defendants must show: "(1) a final judgment on the merits in a prior action; (2) a subsequent suit between the same parties or their privies; (3) an issue in the second lawsuit that should have been raised in the first; and (4) that the claims in both lawsuits arise from the same transaction." *Id.* (citations omitted, cleaned up). Applying that standard here requires the dismissal of the overwhelming majority of Plaintiff's claims. To the extent he raises new claims, they are time-barred and/or fail to state a claim.

**A. Counts 1 through 10**

It is plain on the face of the Amended Complaint that most of Plaintiffs' claims are precluded and must be dismissed. Claim preclusion clearly applies to Counts 1, 2, and 3 for Title VII discrimination, Count 4 for ADEA age discrimination, Count 5 for race discrimination under § 1981, and Count 6 for breach of contract. All of these claims arise out of Plaintiff's 2013 to 2014 employment with Murray Guard, his experience with TVA in the course of that employment, and his layoff/termination. Plaintiff has added new allegations based on information he learned in *Parks I*, but those allegations are about the same 2014-2016 events. Parks raised the same claims against the same TVA Defendants in *Parks I* and they were resolved on summary judgment. The elements of claim preclusion are met as to each claim and the claims contained in Counts 1 through 5 of the Amended Complaint are therefore **DISMISSED**.

The same is true of Count 7 for intentional interference with employment relationship, Count 8 for tortious interference with employment relationship, Count 9 for inducement of breach

of contract, and Count 10 for civil conspiracy. Plaintiff raised these same claims based on the same facts against the same Defendants in *Parks I*. Judgment on the pleadings was entered as to each claim and they were dismissed with prejudice. Plaintiff cannot avoid claim preclusion by citing additional statutes or adding more detail about the same alleged misconduct he sued TVA for in 2019. Claim preclusion bars not just claims actually raised, but those that should have been advanced in an earlier suit. The elements of claim preclusion are met as to Counts 7 through 10, and the claims contained therein are **DISMISSED**.

**B. Counts 11 to 14, 16, and 17**

Plaintiff's remaining claims against TVA appear in Counts 11 to 14, 16 and 17 of the Amended Complaint.

<u>Count 11 (Title VII; § 1981; ADEA)</u>

Plaintiff's eleventh cause of action asserts TVA had him discharged for discriminatory and retaliatory reasons. [Doc. 15 at 33]. He adds allegations that TVA's attorneys in *Parks I* obstructed his evidentiary submissions. [*Id.*]. These attorneys are not named Defendants in this suit, and his motion based on the same allegation in *Parks I* was denied. Count 11 is duplicative of Plaintiff's Title VII claims in Counts 1 to 3, ADEA claim in Count 4, and § 1981 claim in Count 5. Like those claims, it arises out of the same transaction or occurrence as Plaintiff's claims in *Parks I*. That he has added allegations against non-parties does not change that.

These claims are also untimely. In *Parks I*, Plaintiff alleged he received a right-to-sue notice from the EEOC on October 30, 2019. [*Parks I*, Doc. 17 at pg. 21]. He filed the instant action on January 8, 2024. [Doc. 1]. "Within ninety days of receiving notice of the final agency action or the EEOC decision, or within 180 days of filing the initial complaint with the agency or the appeal with the EEOC, the employee can file civil suit in U.S. District Court." *Locket v. Potter*, 259 F.

App'x 784, 786 (6th Cir. 2008 (citing 29 C.F.R. § 1614.407(a)-(d)); *Harris v. Lee*, 2014 WL 1612698, at * 3 (E.D. Ky. April 22, 2014) (plaintiff had ninety days to file Title VII or ADEA claims after receiving right-to-sue letter from EEOC). Plaintiff's § 1981 claim, however characterized, is likewise time-barred. *See Malone v. State of Tennessee*, 2005 WL 2671343, at *5-6 (W.D. Tenn. Oct. 19, 2005) (discussing one-year and four-year limitations periods for different § 1981 claims). The claims contained in Count 11 are **DISMISSED**.

Count 12 (Fifth and Fourteenth Amendment Due Process; *Bivens*)

Plaintiff asserts he was entitled to procedural due process in the termination of his employment and that his termination violated his substantive due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution. [Doc. 15 at pg. 34]. These claims relate exclusively to his prior employment, allegations of employment discrimination, and the termination of that employment. The claims therefore "arose out of the same transaction or a series of transactions, or . . . the claims arose out of the same core of operative facts." *Browning v. Levy*, 283 F.3d 761, 773-74 (6th Cir. 2002) (citation omitted). Because they are also against the same Defendants, they should have been raised in *Parks I*. The final judgment on the merits in *Parks I* therefore precludes the claims contained in Count 12.

They are, moreover, barred by the one-year limitations period for federal civil rights actions in T.C.A. § 28-3-104. *See Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012) ("[T]he applicable statute of limitations for *Bivens* claims in Tennessee is one year."); *see also Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997) (affirming dismissal of plaintiff's claims under 42 U.S.C. §§ 1983, 1985, 1986, and 1989 as barred by one-year statute of limitations in T.C.A. § 28-3-104(a)(3)). Plaintiff attempted to amend in *Parks I* to add a *Bivens* claim and his motion was

denied for this reason.[2] The claims contained in Count 12 are therefore **DISMISSED** because they are precluded and time-barred.

Count 13 (Failure to train and supervise)

Plaintiff alleges TVA failed to train and supervise individual TVA Defendants Terry, Spoone, Foxx, and Lynch "regarding Plaintiff's equal rights, equal protection, and due process rights under the law in his employment and also in Contract." [Doc. 15 at pgs. 34-35]. He cites testimony from depositions in *Parks I* as evidence that they were not properly trained and were unaware of various rules and policies. [*Id.*]. This claim also clearly arises out of the same transaction or occurrence as his claims in *Parks I* and indeed, he sought to amend to add such a claim. On appeal, the Sixth Circuit stated:

> As to Parks's motion for leave to file a second amended complaint, Parks sought to add claims for failure to properly train and supervise employees, having unconstitutional policies and practices in violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution, fraud, invasion of privacy, and negligent infliction of emotional distress. As the district court determined, these claims were barred by Tennessee's one-year statute of limitations for federal civil rights claims, Tenn. Code Ann. § 28-3-104, and for state-law tort claims brought by at-will employees against their employers, Tenn. Code Ann. § 28-3-104(a)(1). Accordingly, the district court properly denied Parks's motion for leave to amend as futile.

[*Parks I*, Doc. 163 at 14]. Claim preclusion bars Plaintiff's Count 13 for failure to train and supervise, and in any event, the claim is time-barred as it arose many years before Parks filed this case. That Parks later obtained evidence to support such a claim is immaterial. It arises out of his

[2] Plaintiff sought to add the following claim: "Bivens Act for Deprivation of Rights under the U.S. Constitution's 1st Amendment (Freedom of Speech) and 14th Amendment (Equal Rights and Protection Clause under Law)." [*See Parks I*, Doc. 38 at 2-3]. The Magistrate Judge explained why the claim was time-barred, and that recommendation was accepted and adopted by the District Judge, who denied the motion to amend as futile [*Id.*, Doc. 43].

employment, which ended in 2014, the circumstances of which he has previously litigated. Count 13 is **DISMISSED.**

Count 14 (§ 1981, "official unconstitutional policy or customs")

Plaintiff alleges that TVA Defendants Terry, Spoone, and Foxx "are TVA managers and are final-decision makers who created, adopted, and enacted unconstitutional policy and or customs." [Doc. 15 at 35-36]. This claim, too, arises out of the circumstances and termination of Plaintiff's employment. It is barred by claim preclusion, and in any event, time-barred. Count 14 is **DISMISSED**.

Counts 16 and 17

These causes of action overlap substantially, and the Court therefore addresses them together. Count 16 lists the following civil claims: Civil Fraud; Tort of Deceit; Fraud; Civil Conspiracy to Defraud. [Doc. 15 at 37-38]. For this cause of action, Plaintiff alleges Defendant John Terry is liable for fraud and perjury and then returns to allegations surrounding his employment and termination between 2014 and 2016. [*Id.*]. He claims Terry's deposition testimony and interrogatory responses in prior litigation conflicted with other evidence and that Terry committed perjury. [*Id.*].

Similarly, Count 17 lists the following claims: Civil Fraud; Civil Conspiracy; Tort of Deceit; Bivens Act – U.S. Constitution First, Fifth, and Fourteenth Amendments. [Doc. 15 at 39]. Plaintiff's Count 17 is largely a restatement of Count 16 with additional detail and a few more claims tacked on. [*Id.*]. He identifies a 2016 affidavit and a 2016 declaration by Defendant Terry that allegedly included "inconsistencies, contradictions, lies, and misleading statements under penalty of perjury." [*Id.*]. He repeats various allegations about why he believes his layoff/termination was pretextual and discriminatory. [*Id.*]. And then he points to a 2022

declaration, 2022 interrogatory responses, and a 2022 deposition that Terry gave in *Parks I*. Parks says these, too, included lies, misstatements, and so on. [*Id.*].

Initially, both claims list criminal statutes for which there is no private right of action. Those claims are therefore **DISMISSED**. Likewise, to the extent the claims contained in either Count 16 or 17 are based on the circumstances and termination of Plaintiff's employment, claim preclusion applies for the reasons already explained.

That leaves Plaintiff's claims for fraud,[3] civil conspiracy, and purported "Bivens Act" claims for violation of the First, Fifth, and Fourteenth Amendments of the United States Constitution, all arising out of alleged untruths or misstatements in Terry's deposition testimony and discovery responses. As to Plaintiff's claims regarding litigation conduct in *Parks I*, Defendants argue they "do not create any new or different claims here and were addressed by the Parks I Court and the Sixth Circuit in ruling [on] and reviewing his many motions." [Doc. 82 at 13]. Defendants say these claims are conclusory, spurious, and fail to present any claim. [Doc. 82 at 9, 13].

Plaintiff responds that Terry's "acts, admissions and perjury's constituted a new action under the *Bivens Act*." [Doc. 98 at 22]. Plaintiff says Terry violated his First, Fifth, and Fourteenth Amendment rights. [*Id.*]. And he argues that Terry's purported perjury "constituted Fraud pursuant to T.C.A. § 28-3-105 (three year statute of limitations); Civil Conspiracy and a violation of § 1983." [*Id.*].

[3] "In Tennessee, 'intentional misrepresentation,' 'fraudulent misrepresentation,' and 'fraud' are different names for the same cause of action and involve the same elements." *Hale v. Woodward*, 729 F.Supp. 3d 792, 798 (M.D. Tenn. April 9, 2024). "Intentional misrepresentation," meanwhile, "derives its origin from the common law tort of deceit." *First Nat'l Bank v. Brooks Farms*, 821 S.W.2d 925, 927 (Tenn. 1991). These are, in other words, just different names for the same cause of action.

First, Plaintiff fails to state a claim for conspiracy in either Count 16 or Count 17, which in any event is time-barred. Save the caption, there is no reference to conspiracy or conspiring in either cause of action, and nothing from which the Court could infer "a common design by two or more persons" to accomplish "an unlawful purpose, or a lawful purpose by unlawful means." *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 38 (Tenn. Ct. App. 2006).[4] The Court will not create a claim for a litigant who has failed to do so.

The claim is also time-barred. As the Sixth Circuit explained in *Parks I*, "[i]n Tennessee, all actions for statutory penalties and injuries to the person must be commenced with one year of the date the cause of action accrued." *Parks v. Lyash*, 2023 WL 6237062, *7 (6th Cir. Apr. 12, 2023) (affirming dismissal of Park's claim for civil conspiracy as time-barred); *Polk v. General Motors Corp.*, 2006 WL 1806016, at *3 (M.D. Tenn. June 28, 2006) ("The one year statute of limitations set out in Tenn. Code Ann. § 28-3-104 for personal injury actions applies to a claim of civil conspiracy."). Count 17 gives the relevant dates, and the most recent is Terry's May 31, 2022, deposition. [Doc. 15 at 40]. Plaintiff filed the Complaint [Doc. 1] on January 8, 2024, so any conspiracy claim based on Terry's 2022 deposition testimony, interrogatory responses, or other sworn statements in prior litigation is barred by the one-year statute of limitations.

In his Response [Doc. 98], Plaintiff recites his allegations against Terry in a section relating to his § 1983 claims against the TVA Defendants. [*Id.* at 22]. He insists the statute of limitations was tolled because the TVA Defendants somehow "conspired with judiciary officials to omit material evidentiary documents from the Joint Appendix legally required to be submitted to the

---

[4] Further weakening Plaintiff's claims, Tennessee courts have held that "[c]onspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Foster Business Park, LLC v. Winfree*, 2009 WL 113242, at *16 (Tenn. Ct. App. Jan. 15, 2009).

Sixth Circuit Court of Appeals." [*Id.* at 22]. And he claims that Terry's "acts, admissions and perjury's constituted a new action under the *Bivens Act.*" [*Id.*]. None of these contentions have anything to do with the statute of limitations on Plaintiff's claims against Terry based on his 2022 testimony.

As with his conspiracy claim, Plaintiff mentions "fraud" only in the caption of Counts 16 and 17 and as follows: "Defendant John Terry is liable Fraud, and Testimonial Perjury 16 U.S.C. § 1621(1)(2)." He states at one point that Terry's June 2016 declaration contained "misrepresentations." [*Id.* at pg. 39, ¶ 185]. At bottom, his allegations are about purported perjury that he has simply labeled as "fraud."

Attempting to fit a square peg into a round hole, Plaintiff fails to state a claim for fraud. To do so under Tennessee law, a plaintiff must allege "(1) an intentional misrepresentation of an existing material fact, (2) knowledge of the representation's falsity, and (3) injury caused by reasonable reliance on the misrepresentation." *Lopez v. Taylor*, 195 S.W.3d 627, 634 (Tenn. Ct. App. 2005). Such a claim "must be stated with particularity, and the plaintiff must, at minimum, allege the time, place and content of the misrepresentations; the defendant's fraudulent intent; the fraudulent scheme; and the injury resulting from the fraud." *Id.* Even assuming Plaintiff has adequately alleged the other elements of a fraud claim, he has not alleged reasonable reliance on a misrepresentation or any resulting injury.

Finally, Plaintiff again asserts a "Bivens Act" claim based on Terry's prior testimony and sworn statements. That claim, too, is barred by the one-year statute of limitations. *See Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012) ("[T]he applicable statute of limitations for *Bivens* claims in Tennessee is one year.").

In the alternative, the Court holds that Terry is entitled to immunity for sworn statements and testimony given in a prior proceeding. "It is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings." *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999); *Lewis v. Drouillard*, 704 F. Supp. 2d 673, 678 (E.D. Mich. 2010) ("In the Sixth Circuit, witnesses are immune from suit no matter how egregious or perjurious that testimony was alleged to have been."). The rule of party presentation ordinarily prohibits the Court from ruling on grounds not presented by the parties. Yet the degree to which Plaintiff's pleadings violate the basic pleading standards of Rule 8(a) makes it nearly impossible to tell what claims he is bringing against which Defendants and why. For sixty-five pages, he recites dozens of irrelevant facts, regurgitates testimony and discovery from past cases, and randomly lists a dozen or more claims and statutes in a row without connecting them to anything. Under these circumstances, it is perhaps unsurprising that Defendants underestimated the extent to which Plaintiff believes his claims rest on Terry's later statements in *Parks I*. Given the incoherence and verbosity of Plaintiff's pleadings and the well-established nature of witness immunity, the Court finds that even if Plaintiff's claims were not otherwise meritless, Terry would be entitled to witness immunity.

Accordingly, all of Plaintiff's claims must be dismissed because the doctrine of claim preclusion applies, the statute of limitations has expired, and/or the allegations fail to state a claim. The Court will briefly explain why Plaintiff's arguments regarding claim preclusion and the tolling of the statute of limitations are unpersuasive.

**C. Plaintiff's Arguments in Opposition**

While Plaintiff largely concedes his claims are the same as those in *Parks I*, he makes various arguments as to why claim preclusion should not apply and any statute of limitations was

tolled. His principal argument against claim preclusion is that TVA and the courts did not address Plaintiff's evidence on the merits of his claims. [*Id*. at 8, 9, 12, 14, 18-21]. He says, for example, that Judge McDonough only considered certain elements of his hostile work environment claim and that Judge Sutton "would not address the matter at the Sixth Circuit." [*Id.* at 5].

Plaintiff misapprehends the meaning of "a final judgment on the merits" for claim preclusion purposes. The finality of the prior judgment, not court's reasoning, is what matters for claim preclusion. With exceptions not relevant here, dismissal for failure to state a claim, judgment on the pleadings, and entry of summary judgment are final judgments on the merits. *Cobbs v. Katona*, 8 F. App'x 437, 438 (6th Cir. 2001) ("A prior Fed. R. Civ. P. 12(b)(6) dismissal for failure to state a claim upon which relief may be granted operates as an adjudication on the merits for issue and claim preclusion purposes."); *see Parks I*, [Doc. 100 at 19] (granting motion for judgment on the pleadings in part and dismissing claims with prejudice); *In re City of Detroit*, 531 B.R. 171, 174 (E.D. Mich. 2015) (summary judgment "constitutes a final decision on the merits for res judicata purposes"). That the District Court and/or the Sixth Circuit did not consider all the evidence that Plaintiff thought was important does not undermine the finality of those judgments.

Plaintiff's belief that evidence was omitted from his appeal in *Parks I* does not change that outcome. *See* [Doc. 98 at 2] ("TVA and the Courts omitted Plaintiff's substantive evidence from the record so that the evidence could not be considered and not addressed on its merits."). Nor does the redaction of documents in the appellate record make the Sixth Circuit's resolution of the appeal any less final. [*Id.* at 11] (claiming TVA attorneys "unlawfully altered, obscured, blackened and obstructed" Plaintiff's evidentiary document); [*id.* at 22-23].

According to Plaintiff, Defendants cannot prove "claim preclusion applies just by reciting it stating the Plaintiff previously lost." [Doc. 98 at 10]. That is, in fact, almost exactly how

Defendants can and have shown claim preclusion. After a litigant obtains a final judgment on the merits of his claim, he is not entitled to bring the same claim again against the same defendants. However characterized, Plaintiffs' claims arising out of his employment with Murray Guard and the termination of that employment have already been brought or should have been brought in his prior action against these same Defendants.

Plaintiff also makes various contentions about the statute of limitations, but none have merit. As to his § 1983, fraud, and conspiracy claims, he says a three-year statute of limitations applies and "April 12, 2024 is the Opinion accrual date," so the claims are not time-barred. [*Id.* at 6]. Putting aside the actual statutes of limitation for these claims, they accrued long before the Sixth Circuit denied Parks's appeal on April 12, 2023.

Plaintiff also contends his claims "were tolled based upon the last known fraudulent and conspirator acts." [Doc. 98 at 3]. But in support of that contention he points to events alleged to have occurred in 2014 and 2016, nearly a decade before he filed this action. [*Id.* at 3-4]. He says that during *Parks I*, he found out something new about how his security clearance application was handled. [*Id.* at 4]. But that does nothing to toll the statute of limitations on a claim he had already raised by the time he received that discovery.

Finally, Plaintiff's argues his § 1983 claims were tolled due to fraudulent concealment and because TVA "conspired with judiciary officials to omit material evidentiary documents from the Joint Appendix legally required to be submitted to the Sixth Circuit Court of Appeals." [*Id.* at 22-23]. Putting aside the spurious nature of these allegations, he cites June 27, 2022, as the date that "altered" documents were submitted. Conspiracy and § 1983 claims must be brought within one year, and this action was not filed until June 8, 2024. The claims are time-barred.

## V. CONCLUSION

Accordingly, the Motion to Dismiss [Doc. 81] of Tennessee Valley Authority, Jeffrey Lyash, Edward Spoone, Kristi Foxx, and Jamie Lynch is **GRANTED** and all claims against these Defendants are **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**