**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| CARLTON B. PARKS,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES, *et al.*,<br><br>*Defendants*. | ) ) ) ) ) ) ) ) ) | Case No. 1:24-cv-5<br><br>Judge Atchley<br><br>Magistrate Judge Dumitru |

**MEMORANDUM OPINION AND ORDER**

Before the Court are four motions to dismiss that raise related issues: (1) the Motion to Dismiss [Doc. 40] of Duncan, Hatcher, Hixson & Fleenor, P.C., and attorneys B. Paul Hatcher, Everett L. Hixon, Jr., Everett L. Hixson, III, Phillip E. Fleenor, and Adam U. Holland; (2) the Motion to Dismiss [Docs. 25 & 28] of attorney John Harrison and the law firm of Evans Harrison Hackett, PLLC; (3) the Motion to Dismiss [Doc. 18] of Leitner, Williams, Dooley & Napolitan, PLLC, and attorneys William E. Godbold, III, and Andrew J. Godbold; and (4) the Motion to Dismiss [Doc. 32] of attorney Harry F. Burnette and his law firm, Burnette, Dobson & Pinchak. For reasons that follow, the Motions to Dismiss [Docs. 18, 25, 28, 32 & 40] will be **GRANTED** and all claims against these Defendants will be **DISMISSED WITH PREJUDICE**.

## I. INTRODUCTION

In a wide-ranging Amended Complaint spanning over ten years and sixty-five pages, Plaintiff asserts civil rights violations, violation of federal criminal statutes, and various state common law claims ranging from fraud to conspiracy. His claims begin with the end of his employment with Murray Guard in 2014 and spread out into the different pieces of litigation he brought related to that termination. Though he settled his initial Chancery Court lawsuit against

Murray Guard in 2018, he then sued the attorney who represented him for malpractice. When that action was dismissed, he appealed unsuccessfully. In 2019, he sued the Tennessee Valley Authority in this Court, asserting, *inter alia*, that the TVA was his joint employer and thus liable for his allegedly unlawful termination and for age and race discrimination during his employment. District Judge Travis R. McDonough dismissed his claims and the Sixth Circuit affirmed that dismissal.

Unhappy with the results of his prior litigation, he now brings claims against over thirty individuals and entities involved in those lawsuits, including Sixth Circuit Chief Judge Jeffrey Sutton, District Judge McDonough; Magistrate Judge Christopher Steger; several state court judges; Hamilton County, Tennessee; members of the Hamilton County Clerk's Office; his 2013-2014 employer, Murray Guard; the Tennessee Valley Authority and several TVA employees; and a number of attorneys and law firms.

At issue here are Plaintiff's claims against various lawyers and their law firms. Plaintiff names (1) Attorney Adam Holland, who represented Mr. Parks in his Chancery Court case against Murray Guard; (2) Attorney John Harrison, the mediator in that same litigation; (3) Attorney William Godbold, who represented Attorney Holland in Parks's malpractice lawsuit against Holland; and (4) Attorney Harry Burnette, who provided an expert opinion in that malpractice suit. Plaintiff also names each attorney's law firm (or former law firm) and in some cases, other partners/employees of that firm. For reasons that follow, all of Plaintiff's claims against these Defendants will be dismissed with prejudice for failure to state a claim under Rule 12(b)(6).

## II. FORM OF PLEADINGS

A word about the content and organization of Plaintiff's Amended Complaint. While the causes of action are helpfully delineated by heading, most include multiple claims and criminal

offenses. Additional claims are peppered throughout the pleading; claims and allegations are repeated numerous times. Plaintiff's responsive briefs mention even more claims, allege new facts, and attach lengthy exhibits. Determining which claims are asserted against which Defendants is a task unto itself, and not one the Court is obliged to undertake.

To make it possible to review the pending motions with any clarity, the Court has treated each heading in the "Causes of Action" section as a separate claim or set of claims, and refers to them by number for ease of reference. The many claims and statutes Plaintiff mentions without context in the body of his allegations are not properly pleaded. "Further review of the instant [pleading] would set a precedent that would unnecessarily burden the federal courts by encouraging [litigants] to throw as much proverbial mud against the wall as possible with the hope the court will sift through it to see what sticks." *Ganaway v. Marion Correctional Institution*, 2010 WL 5392705, at * 4 (N.D. Ohio Dec. 22, 2010). Similarly, the claims and allegations made for the first time in responsive briefing are not properly before the Court. *Bates v. Green Farms Condo. Assoc.*, 958 F.3d 470, 483 (6th Cir. 2020) ("Plaintiffs cannot . . . amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint."). Putting aside passing references and new claims asserted in responsive briefing, the Court will address all claims that appear to be actually pleaded in the Amended Complaint.

## III. STANDARD OF REVIEW

On a motion to dismiss, the Court "must accept as true 'well pleaded facts' set forth in the complaint." *In re Comshare Inc. Sec. Litig.*, 183 F.3d 542, 548 (6th Cir. 1999) (citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Generally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "The [plaintiff's] factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). "Mere labels and conclusions are not enough; the allegations must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 575 (quoting *Ashcroft*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Plaintiff is proceeding in this action *pro se*. The Court is mindful that *pro se* complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys. *Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 358 (6th Cir. 2012). However, the Court is "not require[d] to either guess the nature of or create a litigant's claim." *Leeds v. City of Muldraugh*, 174 F. App'x 251, 255 (6th Cir. 2006). Likewise, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law," and ultimately, those who proceed without counsel must still comply with the procedural rules that govern civil cases, including the pleading standards set forth in Rule 8(a) of the Federal Rules of Civil Procedure. *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006); *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005) ("[*P*]*ro se* litigants are not relieved of the duty to develop claims with an appropriate degree of specificity."); *see also* E.D. Tenn. L.R. 83.13 ("Parties proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure and these rules.").

## IV. MOTION TO DISMISS OF DHHF DEFENDANTS [DOC. 40]

First, Plaintiff sues the law firm of Duncan, Hatcher, Hixson & Fleenor, P.C. ("DHHF"), and attorneys B. Paul Hatcher, Everett L. Hixon, Jr., Everett L. Hixson, III, Phillip E. Fleenor, and Adam U. Holland. A brief synopsis of prior proceedings is necessary to demonstrate why claims against the DHHF Defendants must be dismissed.

Attorney Holland represented Mr. Parks in his Chancery Court employment discrimination case against Murray Guard, which was settled in December 2018. *See Parks v. Holland*, 2023 WL 3454700, at *1 (Tenn. Ct. App. May 15, 2023).[1] Plaintiff alleges the DHHF Defendants represented him from January 21, 2015, to January 2, 2019. [Doc. 15 at 49]. In December 2019, Plaintiff filed a legal malpractice lawsuit against Attorney Holland in the Hamilton County Circuit Court. *Parks*, 2023 WL 3454700 at *2. He asserted fourteen claims, including legal malpractice, negligence, intentional misrepresentation, fraudulent misrepresentation, fraudulent concealment, and breach of contract. *Id.* Circuit Court Judge William Acree granted summary judgment to defendant Holland and the Tennessee Court of Appeals affirmed. *Id.* The key finding at both the trial court and appellate levels was that Plaintiff provided no expert evidence of the standard of care for attorneys or a breach of that standard of care. *Id.* at *4. Both courts rejected Plaintiff's contention that expert testimony was unnecessary due to "clear and palpable" evidence of malpractice, particularly where Plaintiff voluntarily settled the subject lawsuit. *Id.*; *see also* [Doc. 63 at 161-164].

---

[1] In this Memorandum Opinion, the Court periodically refers to filings and rulings in Parks's prior cases. These documents are public records. All were either referenced/quoted in Plaintiff's pleadings and briefing or actually filed by Plaintiff as exhibits. Accordingly, the Court takes judicial notice of their contents. *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) ("Federal courts may take judicial notice of proceedings in other courts of record." (citation omitted)).

In the Amended Complaint, Plaintiff purports to "re-institute[] his action against Defendant Attorney Adam U. Holland," this time adding his former law firm and its attorneys as "responsible Defendants" based on their alleged supervision of Holland. [Doc. 15 at pg. 4]. While Plaintiff references Attorney Holland throughout his pleading, the claims explicitly directed at the DHHF Defendants appear in what the Court has denominated as Counts 23 and 29 of the Amended Complaint. Count 23 is for Legal Malpractice, Negligence, Fraud, and Tort of Deceit. [Doc. 15 at 48-54]. Count 29 contains the following: refusal of jury trial based on age and race, in violation of T.C.A. § 4-21-101 *et seq.*; 42 U.S.C. §1986; § 1985(2)-(3); § 1983 – Tenn. Constitution Art. I §§ 6 and 8; U.S. Constitution First, Fifth, Seventh, and Fourteenth Amendments; Civil Fraud and Conspiracy; Fraudulent Concealment – Representation and Legal Oppression. [Doc. 15 at 61-62].

Interspersed with his allegations, Plaintiff references additional claims and legal theories. The Court will not address them here beyond noting they are time-barred and do not state a claim for reasons elsewhere explained.[2] Paragraph-long lists of claims and statutes without explanation or context are not enough to give Defendants (and the Court) "fair notice" of Plaintiff's claims and their factual basis. Regardless, all allegations against the DHHF Defendants fall into two categories: those premised on DHHF's representation of Plaintiff from January 21, 2015, to January 2, 2019, and those related to Holland's statements during the malpractice lawsuit in 2021.

[2] These include: "deliberate indifference" towards Plaintiff's Seventh and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983 [Doc. 15 at 51]; "deliberate indifference" towards medical care [*id.*]; "42 U.S.C. §1985(2)(3); §1986; *Perjury* T.C.A. 39-16-702(a)(l-4); 18 U.S.C. §1621(1 - 2); *Aggravated Perjury* T.C.A. 39-16-703(a)(l-3); *Fraud* T.C.A. 28-3-105(1); Concealing Documents 18 U.S.C. §207l(a)(b); 42 U.S.C.§1983 - Tennessee Const. Art. I, § 6, and I, § 8; U.S. Constitution 5th, 7th, and 14th Amendments" [*id.* at 54].

### A. ANALYSIS

In the chaos of Plaintiff's allegations, one thing is clear: he has already sued Adam Holland for malpractice and lost. He cannot bring that action again, which is precisely what he means to do. DHHF contends the Court lacks subject matter jurisdiction under *Rooker-Feldman*, that claim preclusion applies, and that all claims are barred by the applicable statute of limitations. [Doc. 41]. Plaintiff responds that neither *Rooker-Feldman* nor claim preclusion applies. [Doc. 63]. He asserts his claims were timely-filed due to fraudulent concealment. [*Id.*].

#### 1. *Rooker-Feldman* Does Not Deprive the Court of Subject Matter Jurisdiction

Because it is jurisdictional, the Court first addresses Defendants' invocation of the *Rooker-Feldman* doctrine. Neither *Rooker* nor *Feldman* deprive the Court of subject matter jurisdiction over Plaintiff's claims, primarily because this is not a direct appeal of a state court judgment. Under 28 U.S.C. § 1257(a), the Supreme Court of the United States has jurisdiction over "[f]inal judgments or decrees rendered by the highest court[s] of a State" as to matters arising under federal law. 28 U.S.C. § 1257(a). In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), the Supreme Court interpreted § 1257(a) as an implied bar on the jurisdiction of lower federal courts, an understanding reiterated in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine recognizes a "vanishingly narrow jurisdictional bar," *HPIL Holding, Inc. v. Zhang*, 168 F.4th 944, at 946 (6th Cir. 2026), "eliminat[ing] jurisdiction only over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," *id.* at 949 (quoting *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 281, 284 (1970)).

The Sixth Circuit recently emphasized just how narrow § 1257(a)'s jurisdictional bar truly is. *See HPIL Holding, Inc. v. Zhang*, 168 F.4th 944 (6th Cir. 2026). The Court stressed that *Rooker* and *Feldman* "stand for the straightforward proposition that a lower federal court may not entertain a direct appeal to reverse or modify the judgment of a state court . . . [b]ut that is all the two cases stand for." *Id.* at 947 (cleaned up). *HPIL Holding* repeatedly highlighted the importance of preclusion in handling claims that might superficially seem barred by *Rooker-Feldman*, explaining that "anything *Rooker* and *Feldman* can do, preclusion can do better." *Id.* at 949. The *Rooker-Feldman* doctrine, in short, does not "control the claim or issue preclusive effect of state-court judgments." *Id.* at 948. And "[n]either *Rooker* nor *Feldman* nor § 1257(a) applies 'simply because a party attempts to litigate in federal court a matter previously litigated in state court.'" *Id.* (quoting *Exxon Mobile*, 544 U.S. at 284).

Indeed, until this year, the Supreme Court had only applied the *Rooker-Feldman* doctrine in the two titular cases. In *T.M. v. University of Maryland Medical System Corporation*, the plaintiffs sought a declaration that a prior state court order violated T.M.'s due process rights and an injunction preventing enforcement of that order. 146 S.Ct. 1739,1745 (2026). The Supreme Court found the claim fell within the "narrow ground occupied by *Rooker-Feldman*," because plaintiff was "complaining of injuries caused by, and [] seeking relief from, the state-court judgment itself." *Id.* at 1752. (citation and punctuation omitted).

As the Court reads it, Plaintiff is attempting to relitigate in federal court a matter previously litigated in state court. He does not explicitly appeal the state court judgments, nor does he allege injuries arising from them. Instead, he reasserts the same injuries he previously brought in state court, which predate the state court's rulings. In that critical respect, this case is unlike *T.M. v. University of Maryland Medical System*, where the source of the plaintiff's injury was the state

court judgment itself. *Cf. id*. at 1752 (questioning whether preclusion applies in cases "where a plaintiff does not attempt to relitigate the same claims in state and federal forums but rather complains of injuries that stem directly from a state-court judgment"). That Plaintiff's lawsuit "would undermine a judgment's legal underpinnings implicates preclusion, not jurisdiction." *HPIL Holding*, 168 F.4th at 950. If claim preclusion applies anywhere, surely it is to claims explicitly brought a second time against the same defendant and his privies.

Further removing his claims from the razor-thin scope of *Rooker-Feldman* is the fact that Plaintiff appears to allege misconduct during the malpractice suit by both the presiding judges and various attorneys. *Rooker-Feldman* does not apply to independent claims relating to conduct in prior proceedings; the doctrine "appl[ies] only to attempts to *directly* reverse a state court's judgment." *Id.* at 951. Plaintiff's conjecture that presiding judges acted improperly or unconstitutionally appears targeted at their alleged acts or omissions, not their judgments. All told, claim preclusion is the better fit here.

**2. Claim Preclusion Applies to All Claims Arising Out of DHHF's Representation of Plaintiff in the Chancery Court Action**

"[U]nder the Full Faith and Credit Act a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give." *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986). The Supreme Court of Tennessee has long held that "[t]he doctrine of *res judicata* or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit." *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012). The rule "promotes finality in litigation, prevents inconsistent or contradictory judgments, conserves judicial resources, and protects litigants from the cost and vexation of multiple lawsuits." *Id.* To establish

claim preclusion under Tennessee law, Defendants must show "(1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits." *Id.* Plaintiff's Response [Doc. 63] does not address the first or second elements, and he has therefore conceded those issues.[3]

First, there is no dispute that a court of competent jurisdiction rendered a final judgment in Plaintiff's malpractice lawsuit. Nothing in Plaintiff's response suggests otherwise and the first element of claim preclusion is easily satisfied.

As to the second element, the lawsuits involve the same parties or their privies. If a newly-named defendant "shares an identity of interest" with the previously-named party "based on the facts of the case," they are considered in privity for claim preclusion purposes. *Ralph v. Scruggs Farm Supply LLC*, 470 S.W.3d 48, 53-54 (Tenn. Ct. App. 2014); *see Harris v. St. Mary's Medical Center, Inc.*, 726 S.W.2d 902, 905 (Tenn. 1987) (finding identity of interest based on employer-employee relationship between doctor sued for malpractice and hospital that employed him).

As the Amended Complaint alleges, Attorney Holland and the remaining DHHF Defendants were partners and employees of the same entity. DHHF shows they were thus in privity for res judicata purposes. Again, Plaintiff does not dispute this. Because they share an identity of interest as to the subject matter of the litigation, the Court finds Holland and the remaining DHHF Defendants are in privity for claim preclusion purposes.

---

[3] *Allstate Ins. Co. v. Global Medical Billing, Inc.*, 520 F. App'x 409, 412 (6th Cir. 2013) (plaintiff's failure to respond to certain of defendant's arguments in his brief in opposition to motion to dismiss "amounts to a waiver of the argument" and his later arguments on the issue would not be considered); *see also Degolia v. Kenton Cty.*, 381 F. Supp. 3d 740, 759-60 (E.D. Ky. 2019) ("[I]t is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").

As to the third element, the same claim or cause of action has been asserted in both lawsuits. Plaintiff explicitly seeks to "reinstitute" his malpractice suit against Defendant Holland but now hopes to hold additional Defendants accountable. But he already raised claims for legal malpractice, breach of contract, negligence, etc. He cannot relitigate "issues determined adversely to [him] in the prior action." *Samuelson v. McMurtry*, 1996 WL 507314, at *3 (Tenn. Ct. App. Sept. 6, 1996). And that is true regardless of how he now characterizes his claims. "The principal test for determining whether the causes of action are the same is whether the primary right and duty or wrong are the same in each case." *Hutcheson v. Tenn. Valley Auth.*, 604 F. Supp. 543, 550 (M.D. Tenn. 1985) (cleaned up, citation omitted). Whether sounding in tort or contract, whether arising under state or federal law, he has already challenged the adequacy of Holland's legal representation and cannot do so again.

Fourth and finally, the state court judgment was final and on the merits. As Defendants show, Plaintiff appealed the Circuit Court's dismissal of his claims on summary judgment and the Tennessee Court of Appeals affirmed that decision and denied Plaintiff's petition for rehearing. [*See* Doc. 40-3]; *Parks v. Holland*, E2021-01506-SC-R11-CV (application denied Sept. 11, 2023). The judgment was unquestionably final.

The judgment was also "on the merits." "In Tennessee, any dismissal of a claim other than a dismissal for lack of jurisdiction, for lack of venue, or for lack of an indispensable party 'operates as an adjudication on the merits,' unless the trial court specifies otherwise in its order for dismissal." *Creech v. Addington*, 281 S.W.3d 363, 378 (Tenn. 2009) (quoting Tenn. R. Civ. P. 41.02(3)). Plaintiff urges that judgment was not rendered "on the merits" because the courts failed to address all his arguments and evidence. He misunderstands the standard: "A motion for

summary judgment . . . goes directly to the merits of the litigation." *Regions Fin. Corp. v. Marsh USA, Inc.*, 310 S.W.3d 382, 398 (Tenn. Ct. App. 2009).

As the Supreme Court of Tennessee observed nearly forty years ago: "It has long been the rule in this state that not only issues which were actually determined but all claims and issues which were relevant and which could reasonably have been litigated in a prior action, are foreclosed by the judgment therein." *Am. Nat'l Bank & Trust Co. of Chattanooga v. Clark*, 586 S.W.2d 825, 826 (Tenn. 1979); *accord Brown v. Shappley*, 290 S.W.3d 197, 200 (Tenn. Ct. App. 2008). *Res judicata* bars all of Plaintiff's claims related to DHHF's legal representation, including those newly-raised or recharacterized as different claims. These claims will therefore be **DISMISSED**.

**3. Claims against the DHHF Defendants are also Time-Barred**

The vast majority of Plaintiff's claims against the DHHF Defendants are also time-barred, even if they were not clearly precluded by *res judicata*. Any civil rights claim had to be brought within one year of its accrual, and Plaintiff makes no allegations against DHHF in the year preceding the January 8, 2024, filing of his Complaint [Doc. 1]. *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997) (affirming dismissal of plaintiff's claims under 42 U.S.C. §§ 1983, 1985, 1986, and 1989 as barred by one-year statute of limitations in T.C.A. § 28-3-104(a)(3)). Any claim brought under the Tennessee Human Rights Act, T.C.A. § 4-21-101 *et seq.*, likewise had to be brought within a year. *Dearing v. Morristown Police Dept.*, 2010 WL 1332444, at *4-5 (E.D. Tenn. March 29, 2010). The same is true of any claim for negligent or intentional infliction of emotional distress. *See Harvey v. Martin*, 714 F.2d 650, 652 (6th Cir. 1983). Any fraud allegations relating to DHHF's representation of Plaintiff would likewise be barred, as the

firm's representation ended on or about January 2, 2019, well over three years prior to the complaint. *See* T.C.A. § 28-3-105.

Plaintiff nonetheless contends his claims for fraud, breach of contract, and § 1983 violations are timely. As the Court has just explained, any § 1983 claim is clearly time-barred and in any event, the DHHF Defendants are not state actors.[4] As to fraud, Plaintiff shows that the three-year statute of limitations of T.C.A. § 28-3-105 applies. He points to purportedly false deposition testimony by Holland on January 7, 2021, a March 2021 Affidavit, and Holland's April 19, 2021, interrogatory responses, all in the malpractice litigation. [Doc. 63 at 4]. But as Defendants show, he does not assert any claims against Holland based on his affidavit, interrogatories, or deposition. [*See* Doc. 15 at 52]. Construed liberally, the Amended Complaint does not plead a fraud claim against the DHHF Defendants based on their actions or statements during the *Parks v. Holland* case.[5]

Next, Plaintiff says his breach of contract claim against DHHF accrued on December 28, 2018, when he "became aware of Defendants' breach." [Doc. 63 at 4]. Though he does not mention this, that is the date he signed the settlement agreement with Murray Guard. Regardless, Plaintiff already brought a breach of contract claim against Holland on the same grounds he asserts now. It was dismissed and claim preclusion bars him from relitigating it.

Finally, Plaintiff asserts any number of new claims and allegations in his response brief and speculates that if certain things occurred, the DHHF Defendants would be liable. On a single

---

[4] *See Hall v. O'Brien*, 2023 WL 5743137, at *2 (6th Cir. March 21, 2023) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.").

[5] Defendants argue Plaintiff has no discernible damages for fraud anyway, and so cannot state a claim. [Doc. 71 at 9]. Another way to put that is that Plaintiff has not alleged that he reasonably relied on an intentional misrepresentation and was injured by that reliance. *See Lopez v. Taylor*, 195 S.W.3d 627, 634 (Tenn. Ct. App. 2005) (setting out elements of fraud claim in Tennessee).

page of his brief, he claims Defendants are liable for over twenty claims and/or statutory violations. [Doc. 63 at 2]. Plaintiff cannot add claims or allegations via response brief and the Court will not legitimize the attempt by addressing them individually. The Motion to Dismiss [Doc. 40] of the DHHF Defendants will be **GRANTED**.

The Amended Complaint [Doc. 15] does not appear to assert claims against the DHHF Defendants based on criminal statutes. For avoidance of doubt, any such claims are **DISMISSED** because Plaintiff has no private right of action under any cited criminal statute.

## V. MOTION TO DISMISS OF EHH DEFENDANTS [DOCS. 25 & 28][6]

Plaintiff next brings claims against Attorney John Harrison, the mediator in Plaintiff's Chancery Court action against Murray Guard, as well as his law firm, Evans Harrison Hackett, PLLC. The EHH Defendants move to dismiss [Doc. 28], arguing the Amended Complaint [Doc. 15] fails to state a claim and that the asserted claims are time-barred and precluded under the doctrine of *res judicata*.

Plaintiff's claims against Attorney Harrison appear in Count 26 of the Amended Complaint. [Doc. 15 at 57]. They center not on the mediation, but on a subpoena Plaintiff served on Harrison during the subsequent malpractice suit, seeking documents related to the mediation. [*Id.* at 7]. Count 26 lists the following claims: "18 U.S.C. § 2071(a-b); Obstruction of Justice 18 U.S.C. §1512(c)(1)(2); § 1983 and § 1985(2)(3)." Plaintiff alleges that on March 26, 2021, Harrison refused to disclose the mediation documents and moved to quash the subpoena. [*Id.* at pg. 57, ¶¶ 280-282]. Judge Acree granted the motion to quash. [*Id.* at ¶ 283]. This, according to Plaintiff, was done "to conceal Holland's conduct." [*Id.*]. Plaintiff says these allegations also

[6] The EHH Defendants seem to have filed the Motion to Dismiss twice, [Docs. 25 & 28], as the motions and supporting memoranda appear identical.

constitute a violation of his Fifth and Fourteenth Amendment rights, brought pursuant to 42 U.S.C. § 1983 and § 1985(2)-(3). [*Id.* at ¶ 285].

It is not clear what Plaintiff believes Harrison did that constitutes misconduct, much less a claim for relief. Regardless, 18 U.S.C. § 2071 and 18 U.S.C. §1512 are both criminal statutes for which there is no private right of action. *Doss v. Beshear*, 2016 WL 2990748, at *3 n.2 (E.D. Ky. May 20, 2016); *Jackson v. Grand Rapids Police Dept.*, 2025 WL 1334627, at *2 (W.D. Mich. Apr. 15, 2025). Any claim under 42 U.S.C. § 1983 or 1985 is barred by the one-year statute of limitations, as the alleged refusal to produce documents occurred in March or April of 2021. Despite his protestations to the contrary, Plaintiff cannot bring a § 1983 against Harrison or EHH anyway, as he has not alleged any facts from which the Court could infer they were state actors. And he includes no facts whatsoever to support a § 1985 claim against either EHH Defendant.

Moreover, Plaintiff has already received a ruling on Harrison's obligation to produce documents related to the mediation. In April 2021, Circuit Court Judge Acree sustained Harrison's objection to Plaintiff's subpoena for these documents and denied Plaintiff's motion to compel and for sanctions. [Doc. 28-5]. Judge Acree found that the parties had signed a confidentiality agreement which prohibited any party from issuing a subpoena for the mediation files. [*Id.*]. He further held that under Rule 408 of the Tennessee Rules of Evidence and Section 7 of Tennessee Supreme Court Rule 31, "the mediator cannot be compelled to offer evidence regarding the mediation." [*Id.*]. Plaintiff has litigated this issue against Harrison and cannot do so again.

Finally, Plaintiff did not plead claims for conspiracy or fraudulent concealment against the EHH Defendants and cannot do so in a response brief. Even if he could, his statements are wholly conclusory, fail to state a claim, and have no connection to Harrison. By his own account, the documents "fraudulently concealed" were <u>Plaintiff's</u> own documents that were allegedly omitted

from the record. Nothing in his response avoids dismissal. The Motion to Dismiss [Doc. 28] of Harrison and EHH will be **GRANTED** and Plaintiff's claims against these Defendants **DISMISSED WITH PREJUDICE**.[7]

## VI. MOTION TO DISMISS OF LEITNER DEFENDANTS [DOC. 18]

Plaintiff also sues the law firm of Leitner, Williams, Dooley & Napolitan, PLLC, and two of its attorneys as Defendants – William E. Godbold, III, and Andrew J. Godbold. Attorney William Godbold represented Attorney Adam Holland in the malpractice lawsuit Plaintiff filed against him. Plaintiff claims that during a deposition break, Godbold "threatened to have Plaintiff arrested and thrown in jail for asking Holland questions about TVA, if he conspired with them." [Doc. 15 at 55]. He claims Godbold "supported Holland's legal misconduct" by making various arguments and statements during his representation of Holland. [*Id.*]. Plaintiff also claims Godbold made or repeated false statements about Plaintiff. [*Id.* at 56]. Godbold's allegedly false or defamatory statements were apparently made during oral argument before the Tennessee Court of Appeals. [*Id.*]. There are no factual allegations against Defendants Andrew Godbold or Leitner, Williams, Dooley & Napolitan, PLLC.

The claims against Godbold are contained in Count 24 and 25 of the Amended Complaint.[8]

---

[7] Plaintiff also filed an unauthorized Surreply that largely relates to actions by other Defendants. [Doc. 100]. Local Rule 7.1 permits the filing of an (1) opening brief, (2) answering brief, and (3) reply brief for all motions. E.D. Tenn. Loc. R. 7.1(a). "No additional briefs, affidavits, or other papers in support of or in opposition to a motion shall be filed without prior approval of the Court, except that a party may file a supplemental brief of no more than 5 pages to call to the Court's attention developments occurring after a party's final brief is filed." E.D. Tenn. Loc. R. 7.1(d). Having filed a Response [Doc. 80], Plaintiff was not permitted to make further filings without leave of the Court, which he did not seek. The brief is improper and has not been considered by the Court.

[8] Plaintiff also purports to bring claims under various criminal statutes, none of which provide a private right of action. *See Jones v. Thompson Towers Apts.*, 2025 WL 2941911, at *2 (E.D. Mich. Oct. 16, 2025) (18 U.S.C. § 371 confers no private cause of action in a civil case and collecting cases); *Jackson*, 2025 WL 1334627 at *2 (claim based on 18 U.S.C. § 1512 "is meritless" because

The claims of Count 24 are: Civil Rights Intimidation; Fraud; Intimidation Threats; 42 U.S.C. § 1983; 42 U.S.C. § 1985(2)(3). The claims of Count 25 are: Negligence; Fraud; Defamation, 28 U.S.C. § 4101; Civil Fraud; Civil Conspiracy and to Defraud; and § 1983.

First, Plaintiff's claims for Civil Rights Intimidation and "Intimidation Threats" appear to be premised on T.C.A. § 39-17-309. "[A] private action cannot be maintained for a claim under T.C.A. § 39-17-309 standing alone." *Davis v. Tennessee Wildlife Res. Agency*, 2006 WL 861352, at *7 (Tenn. Ct. App. Apr. 5, 2006). Construing the pleadings liberally, Defendants assume Parks intends to assert a claim under the "civil companion to T.C.A. § 39-17-309," namely, a malicious harassment claim under T.C.A. § 4-21-701. [Doc. 18-1 at 3]; *see Davis*, 2006 WL 861352, at *7 (noting the elements of § 4-21-701 are "derived from the criminal offense of civil rights intimidation under Tenn. Code Ann. § 39-17-309" (citation omitted)). The Leitner Defendants argue the allegations fail to state a claim as a matter of law, but even if they did, the Complaint was filed outside the one-year statute of limitations for a malicious harassment claim. Plaintiff asserts without argument or explanation that "[a]ll civil claims were filed within the applicable statute of limitations." [Doc. 53 at 22].

Defendants are correct. Section 4-21-701 is part of the Tennessee Human Rights Act. Section 311 of Chapter 21 provides a private right of action to "[a] person injured by an act in violation of this chapter." T.C.A. § 4-21-311. Section 311(d) requires that such an action "be filed in chancery court or circuit court within one (1) year after the alleged discriminatory practice ceases." *Id.*; *see Dearing v. Morristown Police Dept.*, 2010 WL 1332444, at *4-5 (E.D. Tenn. March 29, 2010). Plaintiff alleges the deposition incident occurred on January 7, 2021, well over

---

it is a criminal statute that "provide[s] no private right of action"); *Dionne v. United States Navy*, 2024 WL 5245093, at *2 (W.D. Tenn. Dec. 30, 2024) ("18 U.S.C. § 1001 is a criminal statute that does not provide a private right of action.").

a year before he filed his Complaint [Doc. 1] in January 2024. THRA claims based on the deposition are therefore time-barred and will be **DISMISSED**.

Next, the Leitner Defendants show that Attorney Godbold is entitled to the common law litigation privilege as to statements made during oral argument at the Tennessee Court of Appeals. [Doc. 18-1 at 5]. The Amended Complaint alleges oral argument took place on January 17, 2022, though the true date appears to be January 17, 2023.[9] [Doc. 15 at 55]. "In Tennessee, the 'absolute litigation privilege' applies, such that 'statements made in the course of a judicial proceeding, if pertinent or relevant, are absolutely privileged, and this is true regardless of whether they are malicious, false, known to be false, or against a stranger to the proceeding.'" *Vanwinkle v. Thompson*, 2022 WL 1788274, at *4 (Tenn. Ct. App. June 2, 2022) (quoting *Jones v. Trice*, 360 S.W.2d 48, 51 (Tenn. 1962)). That privilege extends to statements of judges, witnesses, attorneys, and parties, as long as they are made in the course of a judicial proceeding and relevant to the issues in the proceeding. *Id.*

As Plaintiff's Response [Doc. 53] confirms, the subject statements were made entirely during oral argument and related to issues on appeal. [*See* Doc. 53 at 11-16] (quoting oral argument transcript at length). Attorney Godbold cannot be liable for these statements, even assuming they were false or malicious. As Godbold's statements at oral argument form the apparent basis of Plaintiff's claims for negligence, fraud, and defamation,[10] those claims will be **DISMISSED**.

Next, the Leitner Defendants show they are not "state actors" as required to state a § 1983 claim. [Doc. 18-1 at 7-8]. Plaintiff responds that because William Godbold and Andrew Godbold

---

[9] In his proposed Third Amended Complaint [Doc. 154-1] Plaintiff changes the date of oral argument to January 17, 2023, which appears to be correct.

[10] Plaintiff also cites 28 U.S.C. § 4101, but that federal law merely defines "Defamation" in the context of enforcement of foreign judgments. It has no relevance here.

are licensed attorneys in the State of Tennessee, they and their law firm "are subject to deprivation of rights actions and can be held liable under 42 U.S.C. § 1983." [Doc. 53 at 8]. Plaintiff is wrong. The practice of law, standing alone, does not transform a private party into a state actor for § 1983 purposes. *Hall v. O'Brien*, 2023 WL 5743137, at *2 (6th Cir. March 21, 2023) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." (citation omitted, cleaned up)). Plaintiff has not alleged any facts from which the Court could reasonably infer the Leitner Defendants acted under color of law in connection with his allegations. Regardless, such a claim would be time-barred, as would any claim under § 1985. *Merriweather*, 107 F.3d at 398 (affirming dismissal of plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 as barred by one-year statute of limitations in T.C.A. § 28-3-104(a)(3)).

Plaintiff also makes explicitly speculative allegations against William Godbold relating to the alleged omission and/or alteration of certain documents from the appellate record in his malpractice case. [Doc. 15 at 56] (contending that "if" Godbold conspired with others he is "complicit and liable"). Plaintiff cannot state a claim with guesses and speculation. Any claim against the Leitner Defendants premised on the appellate record is entirely speculative and is therefore **DISMISSED**. Finally, Plaintiff mentions numerous additional claims in his Response. [*See, e.g.,* Doc. 53 at 17]. He cannot add claims to his lawsuit via briefing.

William Godbold is entitled to invoke the absolute litigation privilege as to statements made in oral argument. Plaintiff's other claims against him are time-barred and Plaintiff has waived any argument to the contrary by failing to address the issue. The remainder of his claims against the Leitner Defendants do not state a claim. The Motion to Dismiss [Doc. 18] of the Leitner Defendants will be **GRANTED** and all claims against them **DISMISSED**.

## VII. MOTION TO DISMISS OF BDP DEFENDANTS

Finally, Plaintiff sues Attorney Harry F. Burnette and his law firm, Burnette, Dobson & Pinchak based on Burnette's role as an expert witness in Plaintiff's malpractice suit against Attorney Adam Holland. [Doc. 15 at 7]; *see Parks v. Holland*, 2023 WL 3454700 (Tenn. Ct. App. May 15, 2023). Only Count 25 appears to be against Burnette, and his law firm is never mentioned. [*Id.* at 56]. Plaintiff asserts the following claims: Negligence; Fraud; Defamation, 28 U.S.C. § 4101;[11] False Statements, 18 U.S.C. § 1001(a)(1-3); Civil Fraud; Civil Conspiracy and to Defraud, 18 U.S.C. § 371; 18 U.S.C. § 1512(b)(1)(2)(A); and § 1983. [*Id.*]. These claims are premised on (1) Burnette's refusal to answer interrogatories when he was an expert witness in the malpractice case, and (2) an allegedly false and defamatory affidavit he gave in that case. Though unclear, the alleged defamation seems to have something to do with expunged criminal charges against Plaintiff from the late 1990s. [*Id.* at 55-56].

The BDP Defendants argue Plaintiff cannot bring a claim based on Burnette's failure to answer interrogatories, that Burnette is entitled to witness immunity for his sworn statements in prior litigation, and that in any event, the claims are time-barred. In a lengthy response brief, Plaintiff points repeatedly to the failure to answer interrogatories, discusses different types of conditional and absolute immunity, insists Burnette made false statements in his expert opinion, and faults Burnette for failing to opine on various topics. [Doc. 58]. As best the Court can tell, Plaintiff does not address Defendants' statute of limitations challenge and provides no argument or authority for the proposition that Burnette cannot claim witness immunity.

Contrary to Plaintiff's contention, Tennessee Rule of Civil Procedure 26.02(4) provides that "[d]iscovery of facts known and opinions held by experts . . . may only be obtained" in the

[11] *See supra* n. 10.

manner prescribed by the Rule. That includes deposition of the expert and interrogatories to "any other *party*," requiring them to "state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion." Tenn. R. Civ. P. 26.02(4)(A)(i) (emphasis added). The Rule does not provide for interrogatories directly served on or answered by the expert. So there is no claim to be asserted there.

As to Burnette's affidavits and other sworn statements, he is entitled to immunity as a witness. Again, Tennessee recognizes an "absolute litigation privilege" which applies to "statements made in the course of a judicial proceeding, if pertinent or relevant." *Vanwinkle*, 2022 WL 1788274 at *4 (citation omitted). Such statements are "absolutely privileged, and this is true regardless of whether they are malicious, false, known to be false, or against a stranger to the proceeding." *Id.* However characterized, Plaintiff cannot state any claim against Burnette related to his sworn statements or testimony in prior litigation.

Finally, Defendants assert Plaintiff's claims are time-barred. Plaintiff makes no responsive argument on this score, baldly asserting his claims are timely. The argument is therefore "deemed to be unopposed and the proposition conceded." *Knox Trailers*, 2022 WL 4372350 *7. Even if it were timely, he cannot bring a § 1983 claim against a private person who is not a state actor. Similarly, Plaintiff's factual allegations do not support claims against Burnette for fraud, negligence, or conspiracy. These allegations are conclusory, speculative, and not even connected to Burnette. [Doc. 15 at 56] (asserting that "if" various other Defendants conspired, they would be liable). Nor can Plaintiff add claims to his pleading in a response brief. [Doc. 58 at 1].

Finally, none of the criminal statutes Plaintiff cites give rise to a private right of action.[12]

---

[12] *See supra*, n.8.

The Motion to Dismiss [Doc. 32] of Defendants Harry Burnette and Burnette Dobson & Pinchak will be **GRANTED** and all claims against them **DISMISSED**.

## VIII. CONCLUSION

Accordingly, it is **ORDERED**:

- The Motion to Dismiss [Doc. 40] of Duncan, Hatcher, Hixson & Fleenor, P.C., and attorneys B. Paul Hatcher, Everett L. Hixon, Jr., Everett L. Hixson, III, Phillip E. Fleenor, and Adam U. Holland is **GRANTED** and all claims against the DHHF Defendants are **DISMISSED WITH PREJUDICE**;
- The Motion to Dismiss [Docs. 25 & 28] of John Harrison and the law firm of Evans Harrison Hackett, PLLC, is **GRANTED** and all claims against the EHH Defendants are **DISMISSED WITH PREJUDICE;**
- The Motion to Dismiss [Doc. 18] of Leitner, Williams, Dooley & Napolitan, PLLC, and attorneys William E. Godbold, III, and Andrew J. Godbold is **GRANTED** and all claims against the Leitner Defendants are **DISMISSED WITH PREJUDICE**; and
- The Motion to Dismiss [Doc. 32] of attorney Harry Burnette and the law firm of Burnette, Dobson & Pinchak is **GRANTED** and all the claims against Burnette and BDP are **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**