UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CARLTON B. PARKS, *Plaintiff*, | ) | Case No. 1:24-cv-5 |
| v. | ) | Judge Atchley |
| UNITED STATES, *et al.*, *Defendants*. | ) | Magistrate Judge Dumitru |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the Motion to Dismiss [Doc. 90] of United States of America, Chief District Judge Travis R. McDonough, Magistrate Judge Christopher H. Steger, and Administrative Judge Deanna P. Windham, and the Motion to Dismiss [Doc. 48] of the State of Tennessee, Tennessee Supreme Court Justice Jeffrey S. Bivins, Tennessee Court of Appeals Judge David Michael Swiney, and retired Circuit Court Judge William B. Acree, Jr. For reasons that follow, the Motions to Dismiss [Docs. 90 & 48] will be **GRANTED** and all claims against these Defendants will be **DISMISSED**.

## I. INTRODUCTION

In a wide-ranging Amended Complaint spanning over ten years and sixty-five pages, Plaintiff asserts civil rights violations, violation of federal criminal statutes, and various state common law claims ranging from fraud to conspiracy. His claims begin with the end of his employment with Murray Guard in 2014 and spread out into the different pieces of litigation he brought related to that termination. Though he settled his initial Chancery Court lawsuit against Murray Guard in 2018, he then sued the attorney who represented him for malpractice. When that action was dismissed, he appealed unsuccessfully. In 2019, he sued the Tennessee Valley

Authority in this Court, asserting, *inter alia*, that the TVA was his joint employer and thus liable for his allegedly unlawful termination and for age and race discrimination during his employment. District Judge Travis R. McDonough dismissed his claims and the Sixth Circuit affirmed that dismissal.

Unhappy with the results of his prior litigation, he now brings claims against over thirty individuals and entities involved in those lawsuits, including the presiding judges in his prior cases; Hamilton County, Tennessee; members of the Hamilton County Clerk's Office; his 2013-2014 employer, Murray Guard; the Tennessee Valley Authority and several TVA employees; and various attorneys and law firms. At issue here are Plaintiff's claims against the state and federal judges who interacted with his cases.

## II. STANDARD OF REVIEW

On a motion to dismiss, the Court "must accept as true 'well pleaded facts' set forth in the complaint." *In re Comshare Inc. Sec. Litig.*, 183 F.3d 542, 548 (6th Cir. 1999) (citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Generally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "The [plaintiff's] factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). "Mere labels and conclusions are not enough; the allegations must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 575 (quoting *Ashcroft*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Plaintiff is proceeding in this action *pro se*. The Court is mindful that *pro se* complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys. *Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 358 (6th Cir. 2012). However, the Court is "not require[d] to either guess the nature of or create a litigant's claim." *Leeds v. City of Muldraugh*, 174 F. App'x 251, 255 (6th Cir. 2006). Likewise, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law," and ultimately, those who proceed without counsel must still comply with the procedural rules that govern civil cases, including the pleading standards set forth in Rule 8(a) of the Federal Rules of Civil Procedure. *Durante v. Fairlane Town Ctr*., 201 F. App'x 338, 344 (6th Cir. 2006); *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005) ("[*P*]*ro se* litigants are not relieved of the duty to develop claims with an appropriate degree of specificity."); *see also* E.D. Tenn. L.R. 83.13 ("Parties proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure and these rules.").

## III. MOTION TO DISMISS OF FEDERAL JUDGES [DOC. 90]

In their Motion to Dismiss [Doc. 90], Defendants the United States of America, District Court Judge Travis R. McDonough, Magistrate Judge Christopher H. Steger, and Administrative Judge Deanna P. Windham show that the Court lacks subject matter jurisdiction as to all claims asserted against them. [Doc. 91].[1] While Defendants raise other arguments for dismissal, the Court

[1] The Motion to Dismiss [Doc. 90] did not, for whatever reason, move for dismissal of claims against Chief Judge Jeffrey Sutton of the United States Court of Appeals for the Sixth Circuit.

has no occasion to address them. Absolute judicial immunity clearly applies, and it requires dismissal of all of Plaintiff's claims.

Briefly, Plaintiff's claims against the Federal Judges arise out of his prior lawsuit against Tennessee Valley Authority. *See Parks v. Lyash, et al.*, Case No. 1:19-cv-349 (E.D. Tenn.) ("*Parks I*").[2] District Judge McDonough presided over that action, and Judge Steger was the presiding Magistrate Judge. Plaintiff alleges a grand conspiracy against him, of which the Federal Judges were purportedly a part. He claims, for example, that Judges McDonough and Steger "fraudulently misrepresented material fact and law" in their opinions and rulings [Doc. 15 at 2], that they "silenced" him, "scolded" him, and threatened him with sanctions [*id.* at 22], and that their rulings were unfair or prejudicial to him [*id.* at 37]. He says certain legal opinions included false, fraudulent, or defamatory statements which were "made to protect public corruption at TVA and in the state of Tennessee," and that the Judges refused to apply the law as Plaintiff understands it. [*Id.* at 43-44].

Judicial immunity "is absolute: all of a judge's actions taken in an official judicial capacity are immune from suit." *Morgan v. Bd. of Pro. Resp. of the S. Ct. of Tenn.*, 63 F.4th 510, 518 (6th Cir. 2023). And "[l]ike other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) *superseded on other grounds by statute*). This immunity "is not overcome by allegations of bad faith or malice," *id.*, but rather "applies even when the judge is accused of acting maliciously and

---

[2] In this Memorandum Opinion, the Court periodically refers to filings and rulings in Parks's prior cases. These documents are public records. All were either referenced/quoted in Plaintiff's pleadings and briefing or actually filed by Plaintiff as exhibits. They are central to Plaintiff's claims and the Court takes judicial notice of their contents. *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) ("Federal courts may take judicial notice of proceedings in other courts of record." (citation omitted)).

corruptly," *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The doctrine "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson*, 386 at 554. The importance of judicial immunity is such that "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Id.* at 553-54.

The Supreme Court of the United States has "ma[d]e clear that the immunity is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11. First, a judge is not immune from liability for "actions not taken in the judge's judicial capacity." *Id*. Second, "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. at 12. The Sixth Circuit uses a "functional approach" to determine whether an action is taken in a judicial or non-judicial capacity, considering "whether the action is one 'normally performed by a judge,' as well as 'the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" *Black v. 44th Circuit Court*, 2026 WL 849437, at *2 (6th Cir. March 24, 2026) (quoting *Mireles*, 502 U.S. at 12). Non-judicial actions include "those taken in the judge's executive, legislative, or administrative role." *Id.*; *see Forrester v. White*, 484 U.S. 219 (1988).

Here, Plaintiff's claims against the Federal Judges are premised entirely on actions taken in their judicial capacity: resolving discovery disputes, maintaining courtroom decorum and order, construing and applying the law, and issuing legal opinions and rulings. Judicial immunity unquestionably applies to these core judicial functions. The Amended Complaint [Doc. 15] does not allege a single act or omission by any Federal Judge that could fairly be characterized as "non-judicial."

For avoidance of doubt, the Court expressly finds that Administrative Judge Windham is entitled to judicial immunity as well. Absolute judicial immunity extends to those who perform "functions closely associated with the judicial process," including administrative law judges. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *Butz v. Economou*, 438 U.S. 478, 513 (1978) ("There can be little doubt that the role of the modern federal hearing examiner or administrative law judge . . . is 'functionally comparable' to that of a judge."); *Cooperrider v. Woods*, 127 F.4th 1019, 1030 (6th Cir. 2025) ("[I]individuals performing adjudicatory functions within an agency are entitled to absolute immunity from damages liability for their judicial acts.").

Plaintiff's Response [Doc. 102] does not address judicial immunity at all. He has not pointed to any allegation of non-judicial function in the Amended Complaint, nor does he contend any actions were taken in the absence of all jurisdiction. He has therefore conceded the issue.[3]

Because the Federal Judges are so clearly entitled to immunity, it is not necessary to address the parties' other arguments. The Court nonetheless notes that the Amended Complaint utterly fails to state a claim against any judicial officer. All Plaintiff alleges is that the Judges took actions he did not like or that were not favorable to him. He says, for example, that "Defendant Windham ***corruptly*** did not enter the Scheduling Order ***to protect TVA's misconduct***." [Doc. 102 at 7]. But calling a routine judicial action "corrupt" does not make it so. And attributing malicious motive to ordinary judicial activities does not transform them into actionable misconduct. Plaintiff cannot state a claim for conspiracy, corruption, or anything else simply by adding descriptors to otherwise

---

[3] *Allstate Ins. Co. v. Global Medical Billing, Inc.*, 520 F. App'x 409, 412 (6th Cir. 2013) (plaintiff's failure to respond to certain of defendant's arguments in his brief in opposition to motion to dismiss "amounts to a waiver of the argument" and his later arguments on the issue would not be considered); *see also Degolia v. Kenton Cty.*, 381 F. Supp. 3d 740, 759-60 (E.D. Ky. 2019) ("[I]t is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").

innocuous events. To state a claim, he was required to allege supporting facts. The conclusory and speculative allegations of the Amended Complaint [Doc. 15] fail to state any claim against any Federal Judge and all claims against them will be **DISMISSED**. Whatever claims he may assert against the United States derive from the allegations against these judges, and they will likewise be **DISMISSED**. Moreover, "[t]he United States, as a sovereign, is immune from suit unless it explicitly waives its immunity." *Gulley v. United States*, 2024 WL 1833510, *3 (N.D. Ohio Apr. 26, 2024).

Finally, Plaintiff mentions numerous additional claims in his Response [Doc. 102]. As the Court has now explained several times in this case, a litigant cannot add claims in opposition briefing. These purported claims are not properly before the Court and have been disregarded.

## IV. MOTION TO DISMISS OF STATE JUDGES [DOC. 28]

The State of Tennessee, Tennessee Supreme Court Justice Jeffrey S. Bivins, Tennessee Court of Appeals Judge David Michael Swiney, and retired Circuit Court Judge William B. Acree, Jr., have likewise filed a Motion to Dismiss [Doc. 48] for lack of subject matter jurisdiction, arguing Eleventh Amendment immunity bars this action.

Plaintiff's allegations against the State Judges are possibly even less substantial than those against their federal counterparts. For context, now-retired Circuit Court Judge William B. Acree, Jr., presided over the malpractice lawsuit that Plaintiff brought against his former attorney, Adam Holland. Allegations against Court of Appeals Judge David Michael Swiney are so sparse that his role is difficult to discern, but he appears to have been involved in the appeal of that malpractice suit. Tennessee Supreme Court Chief Justice Jeffrey Bivins's involvement is slighter still. The only allegation against him is that he "assigned" Plaintiff's malpractice suit to Circuit Judge Acree, while knowing of Judge Acree's purported "racial animus." [*Id.* at 7].

Plaintiff alleges, in essence, that Judge Acree should not have been assigned to his case because he once described himself as a "Southern Redneck." [Doc. 15 at 7]. From this, Plaintiff concludes he is "a White Supremacist and linked to the Ku Klux Klan." [*Id.*]. He says Judge Acree improperly granted a motion to quash one of Plaintiff's subpoenas, gave him insufficient time to complete discovery, and did not respond to an email Plaintiff sent. [*Id.* at 57, 65]. He also believes Judge Acree should have forwarded information from the malpractice suit against Adam Holland to the Tennessee Board of Professional Responsibility but did not. [*Id.* at 61].

Similarly, Plaintiff alleges Judge Swiney denied a motion to supplement the record on appeal and one other motion. [*Id.* at 57, 59]. He makes a number of explicitly speculative allegations against the State Judges, suggesting that "if" they "orchestrated" the removal of documents from his appellate record, they are liable for various claims. [*Id.* at 6]. Finally, he says that the opinions of Judge Acree and Judge Swiney misrepresented the facts and the law based on Plaintiff's evidence. [*Id.* at 2]. The State of Tennessee and its judges move to dismiss for lack of subject matter jurisdiction, arguing Eleventh Amendment immunity bars all of Plaintiff's claims against them in an official capacity.

"Unless waived or abrogated, Eleventh Amendment sovereign immunity deprives the court of subject-matter jurisdiction when an individual sues a State." *Charlton-Perkins v. University of Cincinnati*, --- F. 4th ---, 2026 WL 2254577, *8 (6th Cir. Aug. 5, 2026); *Latham v. Office of Att'y Gen. of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Guertin v. State*, 912 F.3d 907, 936 (6th Cir. 2019) ("[N]on-consenting States may not be sued by private individuals in federal court.").[4] And

[4] The Sixth Circuit has observed that Eleventh Amendment immunity and sovereign immunity are conceptually distinct, though "courts have often treated" the doctrines "as interchangeable concepts." *WCI, Inc. v. Ohio Dept. of Public Safety*, 18 F.4th 509, 513 (6th Cir. 2021). Yet as the Sixth Circuit has previously recognized, "[a]lthough the amendment does not address the possibility of suit against a state by one of its own citizens, unassailable case law has interpreted

"[o]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Shorts v. Bartholomew*, 255 F. App'x 46, 57 (6th Cir. 2007) (*quoting Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Each of the state judges Plaintiff names is a state official sued in his official capacity. *See Jordan v. Knox County*, 213 S.W.3d 751, 783 (Tenn. 2007) ("[C]riminal court judges, circuit court judges, and chancellors are state officials."); Tenn. Const. arts. II-IV; T.C.A. § 8-42-101.

All told, that means Plaintiff's claims against the State Defendants are barred by Eleventh Amendment and/or sovereign immunity unless one of three exceptions applies: (1) the State of Tennessee has consented to suit, (2) Plaintiff seeks prospective injunctive relief under the *Ex Parte Young* doctrine, or (3) Congress has abrogated state sovereign immunity as to the claim. *S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). Plaintiff does not appear to seek prospective injunctive relief as to the State Defendants.

Instead, Plaintiff contends "the [S]tate of Tennessee waives sovereign immunity under the U.S. Constitution 14th Amendment for deprivation of rights under color of law § 1983." [Doc. 64 at 1]. The Tennessee legislature has not, of course, amended the United States Constitution. In substance, Plaintiff appears to argue Congress abrogated state sovereign immunity via the Fourteenth Amendment for § 1983 claims. It did not.

"Section 1983 does not abrogate Eleventh Amendment immunity." *Boler v. Ealey*, 865 F.3d 391, 410 (6th Cir. 2017). This well-established principle was reiterated very recently by the Sixth Circuit in *Curran v. Fronabarger*, 2026 WL 2412736, at *2 (6th Cir. July 27, 2026). There,

---

the amendment in such a way as to close that gap." *Barton v. Summers*, 293 F.3d 944, at 948 (6th Cir. 2002); *Glynn v. Marquette City Police Dept.*, 2025 WL 1591708, at *2 (6th Cir. Mar. 24, 2025) ([T]he Supreme Court has long held that sovereign immunity also bars suits by citizens of a State against that State."). However framed, "States are, therefore, immune from private suit in both federal and state courts," unless an exception applies. *Id.*

the plaintiff brought a § 1983 claim against the State of Tennessee and "two of its officials," one a state court judge. *Id.* After plaintiff appealed the trial court's dismissal based on sovereign immunity, the Sixth Circuit affirmed dismissal: "[A] State cannot be sued in federal court, regardless of the relief sought, unless the State has waived its sovereign immunity or Congress has overridden it." *Id.* at *2. The plaintiff's claim could not proceed because "Tennessee has not waived its immunity . . . [a]nd § 1983 does not override sovereign immunity." *Id.*; *see* T.C.A. § 20-13-102 ("No court in the state shall have any power . . . to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state . . . and all such suits shall be dismissed as to the state or such officers."). The state court judge was "absolutely immune," as the action was a civil suit for money damages. *Id.*

While Plaintiff raises myriad arguments against dismissal, he has no other discernible opposition to the State's assertion of Eleventh Amendment immunity. He does not identify any statute by which the State has waived immunity or Congress has abrogated it. Accordingly, the State of Tennessee and its officers are entitled to immunity under the Eleventh Amendment.

The State Judges did not, for whatever reason, assert absolute judicial immunity. The Court nonetheless notes that "state judges are absolutely immune from liability for their judicial acts." *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Brookings v. Clunk*, 389 F.3d 614 (6th Cir. 2004) ("The Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983."). It is beyond dispute that "judges are generally immune from civil suits for money damages," and "[t]he passage of 42 U.S.C. § 1983 did nothing to change this ancient understanding." *Bright v. Gallia Cnty.*, 753 F.3d 639, 648-49 (6th Cir. 2014)

The Motion to Dismiss [Doc. 48] of the State of Tennessee, Justice Bivins, Judge Swiney, and Judge Acree will be **GRANTED** and Plaintiff's claims against these Defendants **DISMISSED** for lack of subject matter jurisdiction.

## V. CONCLUSION

Accordingly, the Motion to Dismiss [Doc. 90] of United States of America, Chief District Judge Travis R. McDonough, Magistrate Judge Christopher H. Steger, and Administrative Judge Deanna P. Windham, and the Motion to Dismiss [Doc. 48] of the State of Tennessee, Tennessee Supreme Court Justice Jeffrey S. Bivins, Tennessee Court of Appeals Judge David Michael Swiney, and Circuit Court Judge William B. Acree, Jr. are **GRANTED** and all claims against these Defendants are **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED.**

*<u>/s/ Charles E. Atchley, Jr.</u>*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**