**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| CARLTON B. PARKS, | ) | |
| | ) | Case No. 1:24-cv-5 |
| *Plaintiff*, | ) | |
| | ) | Judge Atchley |
| v. | ) | |
| | ) | Magistrate Judge Dumitru |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss [Doc. 22] of Hamilton County, Tennessee, the County's Supplemental Motion to Dismiss [Doc. 85], and the Motion to Dismiss [Doc. 83] of Larry Henry and Erin Eversole, sued in their individual and official capacities. The Supplemental Motion [Doc. 85] is procedurally improper and will be **DENIED**. Because the Amended Complaint [Doc. 15] fails to state a claim against the County Defendants, the Motions to Dismiss [Docs. 22 & 83] will be **GRANTED** and Plaintiff's claims **DISMISSED**.

## I. STANDARD OF REVIEW

On a motion to dismiss, the Court "must accept as true 'well pleaded facts' set forth in the complaint." *In re Comshare Inc. Sec. Litig.*, 183 F.3d 542, 548 (6th Cir. 1999) (citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Generally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "The [plaintiff's] factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to

relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). "Mere labels and conclusions are not enough; the allegations must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 575 (quoting *Ashcroft*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Plaintiff is proceeding in this action *pro se*. The Court is mindful that *pro se* complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys. *Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 358 (6th Cir. 2012). However, the Court is "not require[d] to either guess the nature of or create a litigant's claim." *Leeds v. City of Muldraugh*, 174 F. App'x 251, 255 (6th Cir. 2006). Likewise, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law," and ultimately, those who proceed without counsel must still comply with the procedural rules that govern civil cases, including the pleading standards set forth in Rule 8(a) of the Federal Rules of Civil Procedure. *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006); *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005) ("[*P*]*ro se* litigants are not relieved of the duty to develop claims with an appropriate degree of specificity."); *see also* E.D. Tenn. L.R. 83.13 ("Parties proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure and these rules.").

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Court has summarized Plaintiff's allegations in prior Memorandum Opinions and familiarity with those opinions is assumed herein. For present purposes, it is enough to note that

Plaintiff settled a lawsuit against his 2013-2014 employer, Murray Guard, in late 2018. Despite settling the case, he later sued the attorney that represented him in that action. His malpractice action was dismissed on summary judgment, and he appealed. His claims against the County and its employees center on the contents of the record submitted to the Tennessee Court of Appeals.

Plaintiff alleges he submitted or identified documents for inclusion in the technical record transmitted to the Tennessee Court of Appeals. [*Id.*]. According to Plaintiff, many of these documents were not included in the record and he did not discover their omission until after oral argument. [*Id.*]. He then spoke with Circuit Court Deputy Clerk Erin Eversole, who advised she was responsible for deciding what documents and evidence went to the Court of Appeals. [*Id.* at 6]. Upon hearing that numerous documents were omitted, she suggested Plaintiff file a motion to supplement the record, which he did. [*Id.*]. That motion was denied by Circuit Judge Swiney. [*Id.*].

Plaintiff's claims against Circuit Court Clerk Larry Henry and Deputy Clerk Eversole appear in what the Court has denominated[1] Counts 27 and 28 of the Amended Complaint. [Doc. 15 at 57-60]. He alleges they "corruptly" removed his evidentiary materials that were "stamped and filed" in the Hamilton County Circuit Court from the record sent to the Court of Appeals. He claims Henry "falsely, fraudulently, and corruptly certified that all of the designated papers on file in his office in the captioned case were included in the Technical Record." [*Id.* at 59]. And he alleges this conduct by Eversole and Henry was part of a larger conspiracy to deprive him of his state and federal constitutional rights. [*Id.*].

[1] While Plaintiff's causes of action are helpfully delineated by heading, most include multiple claims and criminal offenses. For clarity, the Court has treated each heading in the "Causes of Action" section as a separate claim or set of claims, and refers to them by number for ease of reference.

Based on this single incident, Plaintiff asserts myriad claims against the County as well as Eversole and Henry in both their individual and official capacities. Count 27 is for "18 U.S.C. § 2071(a)(b); Obstruction of Justice 42 U.S.C. § 1985(2); dereliction of duty; oath of office; malfeasance T.C.A. 28-3-109(a)(2)." [*Id.* at 58]. At the end of this section, a block of text appears listing numerous additional claims/statutes: "Negligence; Concealing documents 18 U.S.C. § 2071(a)(b); Civil Fraud; Civil Conspiracy; Tort of Deceit; Perjury 18 U.S.C. § 1621(1)(2); Perjury T.C.A. 39-16-702(a)(1-4); Aggravated Perjury T.C.A. 39-16-703(a)(1-3); Official Misconduct T.C.A. 39-16-402(a)(1-5); Official Oppression T.C.A. 39-16-403(a)(1)(2)(b); Fraud T.C.A. 28-3-105; Civil Conspiracy to Defraud 18 U.S.C. § 371; False Statements – Concealing Evidence by Trick-Scheme 18 U.S.C. § 1001(a)(1-3); Obstruction of Justice 18 U.S.C. § 1512(b)(2)(a), (c)(1)(2), (d)(1); 42 U.S.C. § 1983; 42 U.S.C. § 1985(2)(3)." [*Id.* at 59].

For Count 28, Plaintiff claims the County Defendants are liable under § 1983 for "deprivation of rights" under Tennessee Constitution Article I, §§ 6 and 8, and the First, Fifth, Seventh, and Fourteenth Amendments to the United States Constitution. He asserts a conspiracy under § 1985, and again lists Tennessee statutes criminalizing "official misconduct" and "official oppression." [Doc. 15 at 60].

## III. ANALYSIS

### A. Supplemental Motion [Doc. 85]

Preliminarily, Defendant Hamilton County has filed a Supplemental Motion to Dismiss to Add Additional Defense [Doc. 85], which Plaintiff opposes [Doc. 95]. In its initial briefing [Doc. 23], Hamilton County argues that the Amended Complaint fails to state a claim because, *inter alia*, the County is immune under the GTLA and Plaintiff has not pleaded allegations to support *Monell* liability. It did not, however, expressly raise a statute of limitations defense. In its Supplemental

Motion, the County shows that Plaintiff's Response [Doc. 59] identified certain dates that show the claims are also time-barred. [Doc. 86]. Plaintiff responds that the Supplemental Motion is untimely and does not comply with the Local Rules. [Doc. 95]. Specifically, Local Rule 7.1 only allows an opening brief, a response brief, and a reply brief. With one exception not relevant here, the Rule prohibits additional filings "without prior approval of the Court." E.D. Tenn. Loc. R. 7.1(d). [*Id.*].

A reply brief is the appropriate vehicle for addressing issues raised in a response/opposition brief. Hamilton County did not file one. And the County's failure to file a reply does not justify a supplemental motion. The County did not seek leave to file additional briefing under Local Rule 7.1, nor did it seek leave to file a late reply brief. And that is essentially what this submission is – an untimely reply brief. Having missed the deadline to reply, the County simply filed a second motion that replies to Plaintiff's arguments. The Supplemental Motion [Doc. 85] is procedurally improper and will therefore be **DENIED**.

That does little to change the Court's analysis, however. While the County did not originally move for dismissal on statute of limitations grounds, Defendants Henry and Eversole did so move. [Doc. 84 at 6]. As the Court will explain, claims against these Defendants in their official capacities are claims against the County. So while the Supplemental Motion [Doc. 85] will be denied as an improper attempt to file belated briefing without leave of the Court, the Court will not ignore the reality that Plaintiff's allegations establish the untimeliness of certain of his claims.

**B. State Law Claims**

Initially, there is no private right of action for any of the listed state or federal criminal

statutes.[2] Any purported claims based on these statutes are **DISMISSED**. That leaves state and federal constitutional claims under 42 U.S.C. § 1983 and § 1985, as well as state and common law claims for "dereliction of duty," "oath of office," malfeasance, negligence, fraud, conspiracy, and "tort of deceit."

First, Plaintiff fails to allege facts sufficient to support any state law claim. He mentions negligence only in passing, when the thrust of his allegations is that Eversole and Henry acted intentionally. His claim for fraud, meanwhile, is not connected to any intentional misrepresentation on which he reasonably relied, as required by Tennessee law. [3] *See Lopez v. Taylor*, 195 S.W.3d 627, 634 (Tenn. Ct. App. 2005) (setting out elements of fraud claim in Tennessee). He cannot use an alleged omission from the "Technical Record" to support such a claim, because the documents submitted to the Court of Appeals were a matter of public record and fully available to him. And while he clearly believes there was a conspiracy against him, his allegations in this regard are

---

[2] *Doss v. Beshear*, 2016 WL 2990748, at *3 n.2 (E.D. Ky. May 20, 2016) (18 U.S.C. § 2071 is a criminal statute that carries no private right of action); *Ongori v. Hawkins*, 2017 WL 6759020, at *2 (6th Cir. Nov. 15, 2017) (18 U.S.C. §§ 1621 and § 1623 are "criminal statutes that do not allow a private right of action"); *Liu v. Lancer Ins. Co.*, 2024 WL 4730546, *5 (M.D. Tenn. Nov. 8, 2024) ("It is 'well-settled that Tennessee does not recognize a civil action for perjury.'" (internal citation omitted)); *Slowik v. Lambert*, 529 F. Supp. 3d 756, 765 (E.D. Tenn. 2021) ("The official misconduct statute, a criminal statute, does not provide a private right of action . . .."); *Davis v. Earls*, 2011 WL 589138, *3 (Tenn. Ct. App. May 30, 2001) (T.C.A. § 39-16-403 does not create a private cause of action for official oppression); *Jones v. Thompson Towers Apts.*, 2025 WL 2941911, at *2 (E.D. Mich. Oct. 16, 2025) (explaining 18 U.S.C. § 371 confers no private cause of action in a civil case and collecting cases); *Dionne v. United States Navy*, 2024 WL 5245093, at *2 (W.D. Tenn. Dec. 30, 2024) ("18 U.S.C. § 1001 is a criminal statute that does not provide a private right of action."); *Jackson v. Grand Rapids Police Dept.*, 2025 WL 1334627, at *2 (claim based on 18 U.S.C. § 1512 "is meritless" because it is a criminal statute that "provide[s] no private right of action").

[3] "In Tennessee, 'intentional misrepresentation,' 'fraudulent misrepresentation,' and 'fraud' are different names for the same cause of action and involve the same elements." *Hale v. Woodward*, 729 F.Supp. 3d 792, 798 (M.D. Tenn. April 9, 2024). "Intentional misrepresentation," meanwhile, "derives its origin from the common law tort of deceit." *First Nat'l Bank v. Brooks Farms*, 821 S.W.2d 925, 927 (Tenn. 1991). All of these, then, are different names for the same tort.

entirely speculative and conclusory. He says only that Henry and Eversole "conspired" with unidentified others to deprive him of his civil rights. [Doc. 15 at 60]. He cannot state a claim for conspiracy, fraud, or anything else simply by labelling ordinary actions as corrupt, fraudulent, or conspiratorial.

Next, the Court is not aware of any state or federal claim called "dereliction of duty" or "oath of office." Plaintiff again recites these phrases only in passing, citing no authority to suggest they represent cognizable legal claims. Similarly, while "malfeasance" is a term used in various legal contexts, it is not, to the Court's knowledge, an independent legal claim. And Plaintiff cannot assert claims under the Tennessee Constitution, because "Tennessee law does not recognize a private right of action for violating the Tennessee Constitution." *Lawrence v. Ryan*, 2024 WL 1097196, * 4 (W.D. Tenn. Mar. 13, 2024). In short, Plaintiff's conclusory and speculative allegations are insufficient to state any claim for relief under state law. They are subject to dismissal on this basis alone.

The County Defendants in their official capacity are, moreover, entitled to immunity as to all such claims. "The GTLA recognizes that Tennessee 'governmental entities' are broadly immune from state-law tort liability." *Mosier v. Evans*, 90 F.4th 541, 550 (6th Cir. 2024); T.C.A. § 29-20-201(a).[4] A "governmental entity" is defined as "any political subdivision of the state of Tennessee" and explicitly includes counties. T.C.A. § 29-20-102(3)(A). "This immunity extends to state-law tort claims against officials sued in their official capacities." *Mosier*, 90 F.4th at 550.

[4] "Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary." T.C.A. § 29-20-201(a).

From there, "the GTLA then selective waives that broad grant of immunity and creates exceptions to those waivers." *Id.*

Relevant here, the GTLA removes immunity for "injury proximately caused by a negligent act or omission of any employee within the scope of his employment," except for certain types of claims. T.C.A. § 29-20-205. The Act does not remove immunity for injuries arising out of, *inter alia*, "infliction of mental anguish," "civil rights," or "[m]isrepresentation by an employee whether or not such is negligent or intentional." § 29-20-205(2), (6). All of Plaintiff's state law claims against Hamilton County fall into one or more of these exceptions, or do not fall into the GTLA's removal of immunity at all.

First, the GTLA removes the immunity of governmental entities for injuries arising out of "negligent" acts or omissions. Plaintiff mentions negligence in passing, but he is clearly alleging intentional conduct. Second, immunity is not removed for "misrepresentation" by an employee, whether negligent or intentional. § 29-20-205(6).[5] Plaintiff's claims for fraud and "tort of deceit" fall under this banner, so the GTLA does not allow suit. Claims for "infliction of mental anguish" are also explicitly excepted from the GTLA's immunity waiver, barring any claim for intentional or negligent infliction of emotional distress. *See Woods v. Harderman Cnty. Govt.*, 2021 WL 783548, at *4 (W.D. Tenn. March 1, 2021).

Third and most significantly, government entities retain immunity under the GTLA as to injuries caused by civil rights violations. And that exception includes claims that, while labeled as torts, arise out of the same facts as a civil rights claim. A purported tort claim "arises out of civil rights when a civil-rights violation is the 'gravamen' of the complaint." *Mosier*, 90 F.4th at 553. What a plaintiff calls his claims "does not control." *Id.* Rather, "Tennessee courts ask whether the

[5] *See supra*, n.3.

claim is 'based on the same facts' or is sufficiently related to an accepted civil-rights claim." *Id.* (quoting *Cochran v. Town of Jonesborough*, 586 S.W.3d 909, 918-19 (Tenn. Ct. App. 2019)).

Here, the gravamen of Plaintiff's claims against the County Defendants is that Henry and Eversole deprived him of his state and federal constitutional rights "due to his race[,] African American." [Doc. 15 at 60]. He speculates "[t]his appears to be a custom, pattern and practice of Hamilton County towards all Black litigants." [*Id.*]. And he concludes that "[t]hese acts were done because of implicit bias; Plaintiff's race African American; and to protect public corruption." [*Id.*]. Plaintiff's state tort claims are premised on the exact same facts as his § 1983 claim. They are thus properly construed as civil rights claims and the County is immune from suit.[6]

Finally, even if the GTLA permitted Plaintiff to bring his state tort claims against the County, they are untimely. "Actions brought under the TGTLA are governed by a one-year statute of limitations." *Chase v. White*, 2016 WL 7210155, *12 (M.D. Tenn. Dec. 13, 2016). As explained below, any claim Plaintiff may have had against the County accrued in August 2022, over a year before he filed the Complaint. Even assuming Plaintiff had stated a claim for relief as to any of his state law tort claims, the GTLA thus does not permit him to prosecute those claims against the County Defendants. Plaintiff's state law tort claims are therefore **DISMISSED** as to Hamilton County as well as Eversole and Henry in their official capacities.

---

[6] *See, e.g., Lawrence v. Ryan*, 2024 WL 1097196, *5 (W.D. Tenn. Mar. 13, 2024) (§ 1983 and imprisonment claims were based on "identical facts," and City was thus immune under the "civil rights exception"); *Cochran*, 586 S.W.3d 909 (state retained immunity under civil rights exception because negligence claim arose from the same set of facts as civil rights claim); *Mosier*, 90 F.4th at 553 (purported act of negligence was based on the same conduct that plaintiff alleged constituted excessive force and thus civil rights exception barred official capacity claim); *Johnson v. City of Memphis*, 617 F.3d 864, 872 (6th Cir. 2010) (affirming dismissal of plaintiff's claim for negligence because it arose "out of the same circumstances giving rise to her civil rights claim under § 1983").

The GTLA does not, however, govern claims against government employees in their individual capacities. *See McCutcheon v. Tipton Cnty.*, 430 F. Supp. 2d 741, 748 (W.D. Tenn. 2006). So it does not speak to the viability of Plaintiff's state law tort claims against Henry and Eversole in their individual capacities. But as the Court has explained, these claims arise out of the exact same facts as Plaintiff's federal civil rights claims. The "real purpose" or "object" of Plaintiff's claims is that he was deprived of his constitutional rights because he is African American. *See Alsbrook v. Concorde Career Colleges, Inc.*, 469 F. Supp. 3d 805, 824 (W.D. Tenn. 2020). The Tennessee Supreme Court has "expressly held that courts must look to the gravamen of the claim to determine the proper limitations period, rather than the characterization of the claim by the plaintiff." *Cochran*, 586 S.W.3d at 918 (citing *Benz-Elliott v. Barrett Ents., LP*, 456 S.W.3d 140, 147 (Tenn. 2015)).

Following that directive, Plaintiff's state law tort claims are properly construed as civil rights claims and therefore subject to Tennessee's one-year statute of limitations.[7] *See* T.C.A. § 28-3-104(a)(3). For a claim brought pursuant to §1983, "[t]he statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence."

Again, the sole factual basis for all of Plaintiff's claims against the County Defendants is that documents that should have been included in the record sent to the Court of Appeals were not included.[8] According to Plaintiff's allegations and filings, Clerk of Court Larry Henry certified

---

[7] Plaintiff appears to concede as much, stating in his response that he "will address the applicable statute of limitations in reference to § 1983 accrual," [Doc. 96 at 2], and asserting "the statute of limitations in § 1983 actions" was tolled [Doc. 95 at 10].

[8] It is not at all clear that the allegedly omitted documents should have been included in the record on appeal. Tennessee Rule of Appellate Procedure 24.F(a) provides that certain documents filed

that he transmitted the record to the Court of Appeals on August 29, 2022. [Doc. 59 at 11]. A Certificate of Appellate Record appears to have been filed in Plaintiff's Circuit Court case around the same time. [*Id.* at 15]. Even before that, there were filings and submissions relating to statements of evidence on appeal and objections thereto as early as March 8, 2022. [*Id.* at 72].

Yet as of the January 17, 2023, oral argument before the Court of Appeals, Plaintiff apparently "had never reviewed what was submitted from the Hamilton County Circuit Court Clerk's Office Technical Record to the Tennessee Court of Appeals in reference to his case." [Doc. 59 at 74]. That is, at least, what he represented to the Court of Appeals in a motion to supplement filed January 27, 2023. [*Id.*]. According to Plaintiff, he only learned that the Technical Record was deficient on January 20, 2023. [Doc. 15 at 5]. But based on his own allegations and filings, Plaintiff was on notice of its contents on or about August 29, 2022, when the record was transmitted and its transmission certified on the public docket. And he has alleged no great difficulty in obtaining those records. Rather, he alleges he requested the record on or after January 17, 2023, and received it just three days later, on January 20, 2023. [Doc. 15 at 5].

Plaintiff responds by shifting the blame for the missing records to opposing counsel in the malpractice case, claiming they "received and reviewed the Technical Record," and, in accordance with the Tennessee Rules of Appellate Procedure, had 15 days to object. [Doc. 96 at 4]. He faults them for failing to "file any objections in the record," concluding that they, too, conspired against him. [*Id.*]. But Plaintiff misses the salient point: if everyone knew what was in the Technical

---

in the trial court are nonetheless "excluded from the record," including "all papers relating to discovery, including depositions, interrogatories and answers thereto." T.R.A.P. 24.F(a). And the Rule gives the appellant 15 days from filing a notice of appeal to notify the trial court that he seeks to include in the record documents that would otherwise be excluded by the Rule. *Id.* Plaintiff's nomenclature, e.g., "Holland Bates page 74," suggests at least some of the purportedly omitted documents were discovery documents and/or never filed in the Circuit Court in the first place. *See* [Doc. 59 at 3].

Record by August or September 2022, he could have, too. His lack of diligence in examining the record does not toll the accrual of his claims.

Since Plaintiff was on notice of the alleged omissions in or about August 2022 and did not file this action until January 8, 2024, his claims are barred by the one-year statute of limitations for federal civil rights claims provided by T.C.A. § 28-3-104(a)(3). Plaintiff's conclusory and speculative factual allegations fail to state a claim for relief, the County Defendants are immune from suit, and his tort claims against Defendants in their individual capacities are time-barred because they are properly viewed as civil rights claims. All these claims are **DISMISSED**.

### C. Federal Claims

Remaining for review are Plaintiff's claims under the First, Fifth, Seventh, and Fourteenth Amendments to the United States Constitution, brought pursuant to 42 U.S.C. § 1983, and his § 1985 claim(s). For the reasons just explained, these claims are time-barred. Any civil rights claim Plaintiff had related to the Technical Record accrued in August 2022, over a year before he filed his Complaint [Doc. 1] on January 8, 2024. *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997) (affirming dismissal of plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 as barred by one-year statute of limitations in T.C.A. § 28-3-104(a)(3)).

Moreover, the Amended Complaint fails to adequately allege a constitutional violation. Plaintiff does not say how any of the alleged conduct violated his rights. For example, he invokes the First Amendment, but does not explain which clause he proceeds under and makes no allegations that the Court can reasonably connect to its provisions. "Even a pro se pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012); *Shorts v. Bartholomew*, 255 F. App'x 46, 50 (6th Cir. 2007) ("In conducting

our review, we need not scour the record or make a case for a party who has failed to do so on his own behalf.").

Nor has he alleged any basis to impose liability on Hamilton County. "It is firmly established that a municipality, or as in this case a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby Cnty.,* 220 F.3d 433, 446 (6th Cir. 2000) *overruled on other grounds in Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001) (citing *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). Plaintiff does not offer any theory of municipal liability in the Amended Complaint, only conclusory allegations that Hamilton County is liable under *Monell*. [Doc. 15 at 60]. He speculates that the omission of documents by Henry and/or Eversole "appears to be a custom, pattern and practice of Hamilton County towards all Black litigants," [*id.* at 60], but makes no allegations from which the Court could conclude that a policy or custom of Hamilton County was the moving force behind the injuries alleged. His Response concedes he will need discovery "[t]o determine[] if the removal and omitting of the documents was attributed to a policy, practice, or custom of Hamilton County." [Doc. 59 at 5]. But a plaintiff's speculation as to what may be produced in discovery is not enough to allow a *Monell* claim to survive a Rule 12 motion.

Plaintiff next asserts that Defendant Henry was the "final policy decision-maker in the Circuit Court Clerk's Office," that he failed to properly train and supervise Defendant Eversole, and that he knew of her unconstitutional conduct. [Doc. 59 at 1]. But Plaintiff made no such allegation in the Amended Complaint and cannot do so in briefing. Even if properly pleaded, these allegations fall short of identifying an "unconstitutional policy or custom" that could make the County liable. The Supreme Court has long required such allegations to state a claim against a

municipality under § 1983 and Plaintiff's claim cannot proceed without them. All of Plaintiff's § 1983 claims against the County Defendants are **DISMISSED**.

## IV. CONCLUSION

Accordingly, the Supplemental Motion to Dismiss [Doc. 85] of Hamilton County, Tennessee, is **DENIED** as untimely and procedurally improper.

The County's Motion to Dismiss [Doc. 22] and the Motion to Dismiss [Doc. 83] of Defendants Larry Henry and Erin Eversole are **GRANTED**. All of Plaintiff's claims against these Defendants are **DISMISSED WITH PREJUDICE** for failure to state a claim.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**