**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| CARLTON B. PARKS,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES, *et al.*,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:24-cv-5<br><br>Judge Atchley<br><br>Magistrate Judge Dumitru |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court *sua sponte* following an Order [Doc. 170] requiring Plaintiff to show cause why his claims against Chief Judge Jeffrey S. Sutton of the United States Court of Appeals for the Sixth Circuit should not be dismissed for failure to state a claim. Plaintiff timely responded. [Doc. 175]. For reasons that follow, Plaintiff's claims against Judge Sutton will be **DISMISSED** for failure to state claim.

## I. INTRODUCTION

In a wide-ranging Amended Complaint spanning over ten years and sixty-five pages, Plaintiff asserts civil rights violations, violation of federal criminal statutes, and various state common law claims ranging from fraud to conspiracy. Relevant here, Plaintiff sued the Tennessee Valley Authority in 2019, asserting, *inter alia*, that the TVA was his joint employer and thus liable for his allegedly unlawful termination and for age and race discrimination during his employment. *See Parks v. Lyash, et al.*, Case No. 1:19-cv-349 (E.D. Tenn.) ("*Parks I*"). Chief District Judge Travis R. McDonough dismissed those claims. *Parks I*, [Doc. 158]. Plaintiff appealed, and on April 2, 2023, the Sixth Circuit affirmed dismissal. *Parks I*, [Docs. 163 & 164]. The three-judge panel included Chief Judge Sutton, Judge Norris, and Judge McKeague. *Id.*

Unhappy with the result in *Parks I* and several other lawsuits, Plaintiff filed this action on January 8, 2024. He brought claims against over thirty individuals and entities involved in his prior lawsuits, including state and federal judges; Hamilton County, Tennessee; members of the Hamilton County Clerk's Office; his 2013-2014 employer, Murray Guard; the Tennessee Valley Authority and several TVA employees; and various attorneys and law firms.

On September 10, 2026, the Court granted a Motion to Dismiss [Doc. 90], filed by the United States of America, Chief District Judge Travis R. McDonough, Magistrate Judge Christopher H. Steger, and Administrative Judge Deanna P. Windham. The Court found, *inter alia*, that each judge was entitled to absolute judicial immunity. [Doc. 167]. For whatever reason, Sixth Circuit Chief Judge Sutton was not a party to the Motion to Dismiss [Doc. 90] and did not separately move for dismissal. The allegations against him, however, suffered from the same defects as those against the other Federal Judges.

Accordingly, on September 11, 2026, the Court ordered Plaintiff to show cause why his claims against Judge Sutton should not be dismissed. As explained in the Order to Show Cause, each of Plaintiff's claims against Judge Sutton appear to be subject to dismissal for the reasons articulated in the Memorandum Opinion and Order [Doc. 167]. On September 24, 2026, Plaintiff timely responded to the Order to Show Cause. [Doc. 175].

## II. OBJECTION TO JUDICIAL ASSIGNMENT

Initially, Plaintiff's Response [Doc. 175] once again objects to the assignment of his case to the undersigned. Plaintiff states that "this Judge . . . protects White Collar Crime(s), Public Corruption, legal-Official Oppression and racial animus in East Tenn." [*Id.* at 1]. Plaintiff also filed a lengthy "Notice of Unethical and Judicial Misconduct." [Doc. 176]. Plaintiff calls this document a complaint of judicial misconduct to the Sixth Circuit Office of Court Executive,

though it was filed on the docket in this case. In it, Plaintiff makes sweeping allegations of conspiracy, fraud, racial bias, and other misconduct against the undersigned, Judge McDonough, Judge Steger, and others.

To the extent Plaintiff has filed such a complaint with the Sixth Circuit, the Court makes no comment whatsoever on that filing. Suffice to say that he does not explicitly move for recusal of the undersigned, and the document provides no legitimate basis for recusal. As the Court explained in its Order [Doc. 162] denying Plaintiff's motion to recuse, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). To the extent the Notice [Doc. 176] again seeks recusal, it will be **DENIED**.

## III. STANDARD OF REVIEW

"Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). "Instead, a district court must usually 'notify all parties of its intent to dismiss the complaint' and 'give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal.'" *Kentucky v. Env't Prot. Agency*, 2024 WL 3569525, *1 (6th Cir. July 29, 2024) (quoting *Tingler v. Marshall*, 716 F.2d 1109, 112 (6th Cir. 1983)). Accordingly, "sua sponte dismissals of fee-paid complaints on the merits, though disfavored, may be proper when the district court has given the plaintiff notice and an opportunity to respond." *Davis v. Carter*, 2020 WL 8575594, *2 (6th Cir. Sept. 22, 2020); *see also Prida v. Option Care Ents., Inc.*, 2025 WL 460206, *8 (6th Cir. Feb. 11, 2025) ("Sua sponte dismissal occurs when the district court grants relief that no party requested, and a district court may dismiss a complaint sua sponte only when the plaintiff has been given the opportunity to respond to the court's reasons for the contemplated dismissal."); *Benson v. O'Brian*,

179 F.3d 1014, 1017 (6th Cir. 1999) (stating Sixth Circuit's "policy" that "a plaintiff generally should be given notice and an opportunity to respond prior to the district court's sua sponte dismissal of the complaint"); *Abbey v. Metro. Govt. of Nashville & Davidson Cnty.*, 182 F. 4th 496, 505 (6th Cir. 2026) ("Before [sua sponte] dismissing the complaint, the court should have notified all parties of its intent to dismiss and given [plaintiff] a chance to either amend his complaint or respond to the reasons stated by the district court.") (cleaned up).

However, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479. And claims premised entirely on a judge's performance of his or her judicial functions appear to fall into the narrow category of claims that may be dismissed *sua sponte* and without leave to amend. In *Burnham v. Friedland*, 2022 WL 3046966 (6th Cir. Aug. 2, 2022), the district court dismissed a pro se plaintiff's fee-paid complaint against a judge before the judge was served. The Sixth Circuit affirmed dismissal for lack of subject matter jurisdiction, finding "this to be one of the rare circumstances in which it is appropriate to dismiss the case for lack of subject matter jurisdiction under Rule 12(b)(1)" *sua sponte*. *Id.* at *2. The Sixth Circuit appears to have sanctioned this approach in a number of cases.[1]

[1] *See Puckett v. Ain Jeem, Inc.*, 2025 WL 948092 (6th Cir. Feb. 11, 2025) (affirming sua sponte dismissal of fee-paid complaint for lack of subject matter jurisdiction based in part on judicial immunity); *Forbush v. Zaleski*, 20 F. App'x 481 (6th Cir. 2001) (affirming dismissal of fee-paid complaint for lack of subject matter jurisdiction where sole defendant was entitled to judicial immunity); *Odom v. Martin*, 229 F.3d 1153 (6th Cir. 2000) (Table) (district court "correctly dismissed" fee-paid complaint for lack of subject matter jurisdiction under *Apple* because "all of the named defendants are immune from liability"); *Jaiyeola v. Dorwin*, 2022 WL 16835730, *2 (6th Cir. Oct. 5, 2022) (affirming sua sponte dismissal with prejudice of fee-paid complaint); *see also Meitzner v. Young*, 2016 WL 11588383, *9 (6th Cir. 2016) (noting district court may sua sponte dismiss a complaint for lack of subject matter jurisdiction and affirming dismissal of claims against all defendant judges "whether served or unserved" as frivolous).

## IV. ANALYSIS

Judicial immunity "is absolute: all of a judge's actions taken in an official judicial capacity are immune from suit." *Morgan v. Bd. of Pro. Resp. of the S. Ct. of Tenn.*, 63 F.4th 510, 518 (6th Cir. 2023). And "[l]ike other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*superseded on other grounds by statute*). This immunity "is not overcome by allegations of bad faith or malice," *id.*, but rather "applies even when the judge is accused of acting maliciously and corruptly," *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The doctrine "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson*, 386 at 554. The importance of judicial immunity is such that "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Id.* at 553-54.

The Supreme Court of the United States has "ma[d]e clear that the immunity is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11. First, a judge is not immune from liability for "actions not taken in the judge's judicial capacity." *Id*. Second, "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. at 12. The Sixth Circuit uses a "functional approach" to determine whether an action is taken in a judicial or non-judicial capacity, considering "whether the action is one 'normally performed by a judge,' as well as 'the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" *Black v. 44th Circuit Court*, 2026 WL 849437, at *2 (6th Cir. March 24, 2026) (quoting *Mireles*, 502 U.S. at 12). Non-judicial actions include "those taken in the judge's executive, legislative, or administrative role." *Id.*; *see Forrester v. White*, 484 U.S. 219 (1988).

Plaintiff's Response [Doc. 175] does not make any showing under this framework. Instead, he continues to insist that federal and state courts in East Tennessee "corruptly and consistently" oppress African American litigants "by misconstruing, mischaracterizing, and ignoring their facts and evidence used to sustain their claims, stopping them from proceeding in a court of law." [Doc. 175 at 1]. He asserts that Chief Judge Sutton acted "in concert" with Judge McDonough and Judge Steger in this regard. [*Id.*]. He asserts that Chief Judge Sutton refused to address his legal arguments and evidence and incorrectly determined that Plaintiff was not an employee of Tennessee Valley Authority. [*Id.* at 4]. Plaintiff alleges that Judge Sutton "maliciously and intentionally used expunged cases against Plaintiff with no precedent, used the wrong statute of limitations, and refused to address corruption at TVA." [*Id.*]. According to Plaintiff, Judge Sutton "ignored the law, took facts out of context, excused perjuries, overlooked criminal conduct and unethical behavior." [*Id.*].

Plaintiff's accusations are spurious and entirely unsupported by his allegations. More importantly, his allegations relate exclusively to actions Judge Sutton purportedly took in his judicial capacity: construing and applying the law and deciding the merits of Plaintiff's appeal. These are core judicial functions to which judicial immunity unquestionably applies. The Amended Complaint [Doc. 15] does not allege a single act or omission by Judge Sutton that could fairly be characterized as "non-judicial."

The Court notified Plaintiff of its intent to dismiss his claims against Judge Sutton and the grounds for dismissal, and gave him an opportunity to respond. The Court specifically stated: "After careful review of the Amended Complaint [Doc. 15], it [] appears that Plaintiff's claims against Judge Sutton are subject to dismissal for the reasons articulated in [the] Memorandum Opinion and Order [Doc. 167]" dismissing claims against the other named judges. [Doc. 170 at 2].

That Memorandum Opinion and Order [Doc. 167] explains the contours of judicial immunity and the exceptions thereto. Yet Plaintiff's response makes no attempt at all to show that judicial immunity does not apply. Plaintiff also mentions numerous additional civil and criminal claims in his Response [Doc. 175]. As the Court has now explained many times in this case, a litigant cannot add claims in briefing. These purported claims are not properly before the Court and have been disregarded.

Having found that Judge Sutton is entitled to judicial immunity, the Court must determine how Plaintiff's claims are to be dismissed. The Sixth Circuit has indicated that "judicial immunity is not a jurisdictional doctrine that deprives the court of the power to adjudicate a claim." *Harris v. Sec'y of State for Tenn.*, 2024 WL 4225713, *3 (6th Cir. May 29, 2024) (citing *Kennedy v. City of Cleveland*, 797 F.2d 297, 300 (6th Cir. 1986)); *see also Burnham v. Friedland*, 2022 WL 3046966, at *2 (6th Cir. Aug. 2, 2022) (Thapar, J., concurring) ("[J]udicial immunity isn't a jurisdictional doctrine; it's an affirmative defense that goes to the merits. Thus, we rely entirely on the *merits* to determine that the district court lacked *jurisdiction*."); *Barnes v. Winchell*, 105 F.3d 1111, 1123 (6th Cir. 1997) ("[Plaintiff] cannot overcome Judge Winchell's entitlement to absolute judicial immunity from suit . . .. Her complaint, therefore, fails to state a claim with respect to Judge Winchell.").

Plaintiff was advised of the Court's intention to dismiss the claim and given the chance to respond, so dismissal for failure to state a claim is appropriate. *See Burnham*, 2022 WL 3046966 ("[T]he district court should have given plaintiffs an opportunity to amend their complaint before dismissing it under Rule 12(b)(6) . . ."); *see also Stanley v. Stump*, 2026 WL 2336389, *8 n.7 (E.D. Tenn. Aug. 12, 2026) ("Like a dismissal for failure to state a plausible claim, a dismissal under the doctrine of absolute judicial immunity is proper under Rule 12(b)(6) . . . and it is a dismissal on

the merits."); *Uhrig v. Johnson*, 2025 WL 1827793, *2 (6th Cir. Mar. 27, 2025) (affirming district court's dismissal with prejudice based on judicial immunity); *see also Davis*, 2020 WL 8575594 (where magistrate judge recommended dismissal of fee-paid complaint for lack of subject matter jurisdiction and failure to state a claim, plaintiff had opportunity to be heard before dismissal and claims against judges were properly dismissed).

In the alternative, the Court will dismiss for lack of subject matter jurisdiction under *Apple v. Glenn*, because Plaintiff's claims against Judge Sutton are completely barred by absolute judicial immunity and are therefore "devoid of merit" and "no longer open to discussion." *Apple*, 183 F.3d at 479; *see Puckett v. Ain Jeem, Inc.*, 2025 WL 948092 (6th Cir. Feb. 11, 2025) (affirming sua sponte dismissal of fee-paid complaint for lack of subject matter jurisdiction based in part on judicial immunity).

## V. DOCKET MANAGEMENT

Several individuals appear on the docket as Defendants who were not, in fact, named in Plaintiff's Amended Complaint: Rheubin Taylor, Mary Southerland, Merrick B. Garland, and Shanna Edkin. In effecting service on the TVA, Plaintiff served summons on the United States Attorney's Office, identifying Shanna Edkins as the Civil Process Clerk. [Doc. 17 at 52]. Plaintiff also sent summons to the United States Department of Justice, "Office of the Attorney General, Merrick B. Garland." [Doc. 17 at 46]. Similarly, Plaintiff sent summons to "Hamilton County Courts Building, County Attorney Rheubin Taylor, County Attorney Mary Southerland." [Doc. 17 at 25].

None of these individuals were named as Defendants. Accordingly, the Clerk of Court will be **DIRECTED** to remove them from the docket as Defendants.

## VI. RULE 72 OBJECTION

Finally, Plaintiff filed a Rule 72 Objection [Doc. 177] to Magistrate Judge Dumitru's Order [Doc. 172] granting the Motion to Withdraw as Counsel [Doc. 148] filed by James Holt, Jr., and the law firm of Jackson, Shields, Holt, Owen & Bryant. The Movants seek to withdraw from their representation of Defendant Murray Guard, Inc., who has since been dismissed from this litigation, *see* [Doc. 164]. The Motion represents that as of March 2, 2026, Murray Guard notified its counsel that it was "ceasing all business operations, dissolving the corporation and terminating the legal representation of Counsel for this case." [Doc. 148 at 1].

When a pretrial matter is not dispositive of a party's claim or defense, a district judge may refer the matter to a magistrate judge to hear and decide. Fed. R. Civ. P. 72(a). Subject to certain exceptions not relevant here, this Court's Standing Order 13-02 provides that "the magistrate judges of this district may, without the necessity of an order of referral, hear and determine any pretrial matter pending before the court." E.D. Tenn. SO-13-02, Aug. 16, 2013. The magistrate judge must conduct any required proceedings and may, when appropriate, issue a written order stating its decision, to which a party can object within 14 days. Fed. R. Civ. P. 72(a). The district judge must consider any timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law. *Id.*; 20 U.S.C.A. § 636(b)(1)(A) (if a party shows the magistrate judge's order is "clearly erroneous or contrary to law," the district judge "may reconsider any pretrial matter" that a magistrate judge has been designated to hear and determine).

Plaintiff's Objection states no basis whatsoever for his assertion that the Motion to Withdraw "should have been denied." [Doc. 177]. He says only that "[t]he case should not have been dismissed it is protection of public corruption." [*Id.*]. The Objection fails to set forth an objection to the Magistrate Judge's Order, and it will therefore be **OVERRULED**.

## VII. CONCLUSION

Accordingly, it is **ORDERED** as follows:

- To the extent the "Notice of Unethical and Judicial Misconduct" [Doc. 176] seeks recusal of the undersigned, it is **DENIED**.
- All of Plaintiff's claims against Chief Judge Jeffrey S. Sutton are **DISMISSED** for failure to state a claim. In the alternative, Plaintiff's claims against Judge Sutton are **DISMISSED** for lack of subject matter jurisdiction under *Apple v. Glenn* and Federal Rule of Civil Procedure 12(b)(1).
- Whatever claims Plaintiff may assert against the United States arising out of his allegations against Judge Sutton are likewise **DISMISSED**.[2]
- The Clerk of Court is **DIRECTED** to remove the following individuals from the case caption as they are not named Defendants: Rheubin Taylor, Mary Southerland, Merrick B. Garland, and Shanna Edkin.
- Plaintiff's Response and Objection [Doc. 177] is **OVERRULED**.

There being no remaining claims in this action, this case is **DISMISSED**. A separate judgment order shall enter.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

[2] "The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity." *Gulley v. United States*, 2024 WL 1833510, *3 (N.D. Ohio Apr. 26, 2024).